UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Exhibit B

Jenna Kaltved and Douglas Kaltved,

Plaintiffs,

v. Case No. 0:25-cv-04755-NEB-JFD

Brad Wise et al.,

Defendants.

**AFFIDAVIT OF JENNA KALTVED IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

I, Jenna Kaltved, being first duly sworn, declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the following is true and correct to the best of my knowledge:

1. I am a plaintiff in this action and have personal knowledge of the facts stated herein.

2. Douglas Kaltved and I are co-owners of the property at 15581 Iodine Street NW, Ramsey, MN 55303, our family home where we have lived for years.

3. The chain of title is broken from origination: Onward Financing, LLC (dormant originator with no banking license and no funds advanced — Exhibit S: Closing Disclosure $0 funds; Exhibit T/U: Non-depository/dormancy proof) purported to originate the loan on December 28, 2021. The assignment to AmeriHome Mortgage Company, LLC was recorded October 11, 2023 (Exhibit F), creating a 22-month gap splitting note and mortgage under Pub. L. 87–693, 76 Stat. 593 (September 25, 1962), codified as UCC § 3-203(b), adopted in Minn. Stat. § 336.3-203 (Laws 1992 c 565 s 3; amended 2023 c 57 art 1 s 1). AmeriHome purportedly purchased at the July 1, 2025 foreclosure sale, then assigned to Fannie Mae on July 28, 2025 (Exhibit J). This entire chain break voids standing and PETE status under Pub. L. 96-221, Title VI, § 601, 94 Stat. 168 (March 31, 1980), codified as UCC § 3-301, adopted in Minn. Stat. § 336.3-301 (Laws 1992 c 565 s 3; amended 2023 c 57 art 1 s 1).

4. We challenge the validity of this foreclosure in this action, alleging no consideration, split note/mortgage, dormant originator Onward Financing, and no PETE status.

5. A state eviction hearing is scheduled for February 18, 2026, in Anoka County District Court (Case No. 02-CV-26-1047), seeking possession based on the disputed sale.

6. If eviction proceeds before resolution of the federal case, we face immediate loss of our home and homelessness — irreparable harm that monetary damages cannot remedy, as the home cannot be recovered once lost. The foreclosure sale, conducted by the Anoka County Sheriff under color of law, was based on a broken chain of title and lack of standing, constituting deprivation of property without due process under U.S. Const. amend. XIV § 1 (ratified July 9, 1868, Acts of the 40th Congress, Session II, Resolution No. 70, 15 Stat. 706–711) and 42 U.S.C. § 1983 (Pub. L. 42-22, ch. 22, § 1, 16 Stat. 140, April 20, 1871, as amended).

7. All defendants have now been served (see Docket), satisfying the condition for scheduling the status conference on Plaintiffs' pending Motion for Temporary Restraining Order and Preliminary Injunction.

Executed on February 11, 2026, at Ramsey, Minnesota.

Jenna Kaltved

15581 Iodine Street NW

Ramsey, MN 55303

612-987-7104

jennaione@gmail.com