UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas Kaltved and Jenna Kaltved, | Court File No. 25-cv-4755 (NEB/JFD) |
| Plaintiffs, | |
| v. | **MACKENZIE EICHEN ANSWER TO PLAINTIFFS' COMPLAINT** |
| Brad Wise, et al., | |
| Defendants. | |

Defendant Mackenzie Eichen ("Defendant"), by and through his attorney, Meagher & Geer P.L.L.P., and for his Answer to Plaintiffs Douglas Kaltved and Jenna Kaltved's ("Plaintiffs") Complaint, denies each and every allegation therein except as hereinafter expressly admitted, denied, qualified, or otherwise responded to herein, and states as alleges as follows:

**JURISDICTION AND VENUE**

1. (a) The unenumerated prefatory paragraph above Paragraph 1 of the Complaint alleges facts, legal conclusions and demands for relief. The alleged facts and legal conclusions are denied to the extent they are directed at this Defendant. The demands for relief, to the extent they are directed at this Defendant, are not warranted by the facts or law.

(b) The enumerated paragraph 1 of the Complaint is a legal conclusion to which no response is required; if a response is required, then the allegations are denied as against this Defendant.

2. Paragraph 2 is a legal statement to which no response is required; if a response is required; then the allegations are denied as against Defendant.

3. Regarding paragraph 3, Defendant admits that venue is proper in this Court.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 4 of the Complaint.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 5 of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 8 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 10 of the Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 12 of the Complaint.

13. Defendant denies paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 16 of the Complaint.

## INJURY IN FACT, CAUSATION, AND REDRESSABILITY

17. Defendant denies paragraph 17 of the Complaint.

    17.1. Defendant denies paragraph 17.1 of the Complaint.

    17.2. Defendant denies paragraph 17.2 of the Complaint.

    17.3. Defendant denies paragraph 17.3 of the Complaint.

    17.4. Defendant denies paragraph 17.4 of the Complaint.

18. Defendant denies paragraph 18 of the Complaint.

19. Defendant denies paragraph 19 of the Complaint.

## THRESHOLD ISSUE OF STANDING

20. Defendant denies paragraph 20 of the Complaint.

## DESCRIPTION OF PROPERTY

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 21 of the Complaint.

## FACTUAL ALLEGATIONS

22. Exhibit B referenced in paragraph 22 speaks for itself and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 22 of the Complaint.

23. Exhibit B referenced in paragraph 23 speaks for itself and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 23 of the Complaint.

24. Exhibit C referenced in paragraph 24 speaks for itself and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 25 of the Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 27 of the Complaint.

28. Defendant denies paragraph 28 of the Complaint.

29. Exhibit E referenced in paragraph 29 of the Complaint speaks for itself and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 29 of the Complaint.

30. Exhibit F referenced in paragraph 30 of the Complaint speaks for itself and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies paragraph 31 of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 32 of the Complaint.

33. Defendant denies paragraph 33 of the Complaint.

34. Exhibit G referenced in in paragraph 34 of the Complaint speaks for itself and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 35 of the Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 36 of the Complaint.

37. Exhibit H referenced in paragraph 37 speaks for itself and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 37 of the Complaint.

38. Exhibit M referenced in paragraph 38 speaks for itself and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 38 of the Complaint.

39. Exhibits P and K referenced in paragraph 39 speak for themselves and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 40 of the Complaint.

41. Exhibit N referenced in paragraph 41 speaks for itself and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 41 of the Complaint.

42. Exhibit I referenced in paragraph 42 speaks for itself and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 42 of the Complaint.

43. Exhibit J referenced in paragraph 43 speaks for itself and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies paragraph 44 of the Complaint.

### PREEMPTIVE RESPONSE TO DEFENDANTS' ANTICIPATED DEFENSES

45. Defendant denies paragraph 45 of the Complaint.

46. Defendant denies paragraph 46 of the Complaint.

47. Defendant denies paragraph 47 of the Complaint.

48. Defendant denies paragraph 48 of the Complaint.

49. Defendant denies paragraph 49 of the Complaint.

50. Defendant denies paragraph 50 of the Complaint.

51. Defendant denies paragraph 51 of the Complaint.

52. Defendant denies paragraph 52 of the Complaint.

53. Defendant denies paragraph 53 of the Complaint.

54. Defendant denies paragraph 54 of the Complaint.

55. Defendant denies paragraph 55 of the Complaint.

56. Defendant denies paragraph 56 of the Complaint.

**COUNT I – VIOLATION OF DUE PROCESS (42 U.S.C. § 1983)**

(*Against Sheriff Defendants Brad Wise, Lucas Christopffersen and Richard Kreyer*)

57. No response to this allegation is required.

58. Paragraph 58 is a legal statement to which no response is required; if a response is required, then the allegations are denied as against this Defendant.

59. Defendant denies paragraph 59 of the Complaint.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 60 of the Complaint.

61. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 61 of the Complaint.

62. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 62 of the Complaint.

63. Exhibit I referenced in paragraph 63 speaks for itself and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 63 of the Complaint.

64. Defendant denies paragraph 64 of the Complaint.

65. Defendant denies paragraph 65 of the Complaint.

66. Defendant denies paragraph 66 of the Complaint.

67. Defendant denies paragraph 67 of the Complaint, including its subparagraphs.

**COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 ET SEQ.)**

*(Against Wilford, Geske & Cook P.A., Cenlar FSB; AmeriHome Mortgage Company, LLC; ServiceMac, LLC; Jason Webb, Mackenzie Eichen)*

68. No response to this allegation is required.

69. Defendant denies paragraph 69 of the Complaint.

70. Defendant denies paragraph 70 of the Complaint.

71. Defendant denies paragraph 71 of the Complaint.

72. Defendant denies paragraph 72 of the Complaint.

73. Defendant denies paragraph 73 of the Complaint.

74. Exhibit G speaks for itself and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 74 of the Complaint.

75. Defendant denies paragraph 75 of the Complaint, including its subparagraphs.

**COUNT III – CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS (42 U.S.C. § 1983)**
(*Against AmeriHome Mortgage Company, LLC; ServiceMac, LLC; Wilford, Geske & Cook, P.A.; MERS; Cenlar FSB; and Sheriff Brad Wise, Richard Kreyer, and Lucas Christoffersen*)

76. No response to this allegation is required.

77. Defendant denies paragraph 77 of the Complaint.

78. Defendant denies paragraph 78 of the Complaint.

79. Defendant denies paragraph 79 of the Complaint, including its subparts.

80. Defendant denies paragraph 80 of the Complaint.

81. Defendant denies paragraph 81 of the Complaint.

**COUNT IV – WRONGFUL FORECLOSURE – LACK OF STANDING**

(*Against AmeriHome Mortgage Company, LLC; ServiceMac, LLC; Federal National Mortgage Association; MERS; Onward Financing, LLC; Jason Webb; Mackenzie Eichen*)

82. No response to this allegation is required.

83. Defendant denies paragraph 83 of the Complaint.

84. Defendant denies paragraph 84 of the Complaint.

85. Defendant denies paragraph 85 of the Complaint.

86. Exhibit D speaks for itself and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 86 of the Complaint.

87. Defendant denies paragraph 87 of the Complaint.

88. Exhibits T and S referenced in paragraph 88 of the Complaint speak for themselves and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 88 of the Complaint.

89. Defendant denies paragraph 89 of the Complaint.

90. Defendant denies paragraph 90 of the Complaint.

91. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 91 of the Complaint.

92. Paragraph 92 of the Complaint is a demand, not an allegation of fact, and therefore does not require a response other than Defendant denies Plaintiffs are entitled to the requested relief.

93. Defendant denies paragraph 93 of the Complaint.

94. Defendant denies paragraph 94 of the Complaint, and each of its subparts.

## COUNT V – DECLARATORY JUDGMENT

95. No response to this allegation is required.

96. Defendant denies paragraph 96 of the Complaint.

97. Defendant denies paragraph 97 of the Complaint.

98. Defendant denies paragraph 98 of the Complaint.

99. Defendant denies paragraph 99 of the Complaint.

100. Defendant denies paragraph 100 of the Complaint.

101. Defendant denies paragraph 101 of the Complaint.

102. Defendant denies paragraph 102 of the Complaint, and each of its subparts.

**AFFIRMATIVE DEFENSES**

Defendant may rely on any or all of the following affirmative defenses with respect to the Complaint:

1. Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

2. Plaintiff's claims are barred by the statute of limitations.

3. Plaintiffs' claims are barred in whole or in part, and recoverable damages are limited because Plaintiffs failed to take reasonable steps to minimize or mitigate their alleged damages.

4. Plaintiffs' claims are barred by waiver and estoppel.

5. Plaintiffs' Complaint, and each of the claims for relief purportedly stated therein, is barred by Plaintiffs' comparative fault, contributory negligence, assumption of risk and/or other conduct.

6. Defendant asserts all affirmative defenses available pursuant to the Fair Debt Collection Practices Act, 15 USC § 1692 et seq, including but not limited to the defense of good faith and bona fide error.

7. Defendant denies that Plaintiffs suffered any damage, harm or loss but if they did, such damages were solely the result of Plaintiffs' own acts or omissions and not the acts or omissions of Defendant.

8. Plaintiffs' claims are barred by the doctrines of res judicata, collateral estoppel, and issue preclusion.

9. Plaintiffs' claims are barred for lack of subject matter jurisdiction, including but not limited to the *Rooker-Feldman* doctrine.

10. Defendant reserves the right to assert any other affirmative defenses which may become apparent during investigation, discovery and trial.

11. Plaintiffs are barred from their claims due to lack of privity with Defendant.

WHEREFORE, Defendant respectfully requests that the Court issue an Order granting it the following relief:

1. That Plaintiffs take nothing by their Complaint and that Defendant be awarded judgment of dismissal with prejudice together with the costs and disbursements incurred herein.

2. For such other and further relief as this Court deems just and equitable.

Dated  February 20, 2026          By:  */s/ Brian A. Gravely*
                                          Brian A. Gravely (#0336749)
                                          Meagher + Geer, P.L.L.P.
                                          33 South Sixth Street, Suite 4300
                                          Minneapolis, MN  55402
                                          Telephone  (612) 338-0661
                                          Email:   bgravely@meagher.com

                                          ***Attorney for Defendant***
                                          ***Mackenzie Eichen***

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. §549.211 to the party against whom the allegations in this pleading are asserted.


Dated: February 20, 2026                    */s/Brian A. Gravely*
                                            Brian A. Gravely (#0336749)