UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas Kaltveld & Jenna Kaltveld, | Case. No. 25-CV-4755 (NEB/JFD) |
| Plaintiffs, | |
| v. | **ORDER** |
| Brad Wise, et al., | |
| Defendants. | |

This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. This matter is before the Court on Plaintiffs Douglas and Jenna Kaltveld's (the "Kaltvelds") Motion to Deem Service Acceptable on Federal National Mortgage Association ("Fannie Mae") and Mortgage Electronic Registration Systems, Inc. ("MERS").[1] (Dkt. No. 36.)

The Kaltvelds tried to effect personal service on registered agents for MERS on January 8, 2026, but that attempt was unsuccessful. (*See* Motion 5, Dkt. No. 36.) There is nothing in the record showing that the Kaltvelds attempted to effect personal service on Fannie Mae. (*See* Sundeen Affidavit, Motion 3, Dkt. No. 36 ("Fannie Mae" crossed out).) After personal service on MERS failed, the Kaltvelds sent the summons and complaint to both MERS and Fannie Mae via United States Postal Service Certified Mail with a return

---

[1] The motion, when filed, also sought the same relief as to Defendant Cenlar FSB. Cenlar FSB has since engaged with this lawsuit through counsel, so the Court makes no determination on the issue as to it. If Cenlar FSB objects to the method by which it was served, the Court trusts that its counsel will timely bring that objection to the Court's attention via motion.

receipt requested. (*See* Kaltveld Affidavits, Motion 8–9, 12–13, Dkt. No. 36.) Both mailings were received and signed for at the location they were sent—for Fannie Mae in Plano, Texas, and for MERS in Omaha, Nebraska. (*See id*.)

The Kaltvelds ask the Court to accept their attempts to serve this lawsuit on Fannie Mae and MERS via mail as adequate under Fed. R. Civ. P. 4(m), which requires an action to be dismissed without prejudice if it has not been appropriately served on defendants within 90 days of the filing of the complaint, unless the plaintiff shows good cause for the failure to serve the complaint within that time period. Fed. R. Civ. P. 4(m). The Court interprets this motion as one requesting more time to adequately serve Fannie Mae and MERS.[2] This request requires the Court two answer two questions. First, have Fannie Mae and MERS been served with process at all? Second, if not, have the Kaltvelds shown good cause for their failure to do so? The Court finds that these two defendants have not been properly served under the applicable state and federal procedural rules but will give the Kaltvelds additional time to cure their failure to do so, considering their status as pro se parties and the complexity of the procedural issues at play.

The short answer is that Fannie Mae and MERS have not been properly served with process in this case. Service of process and the process by which that service is executed in federal court relies on both state and federal procedural law. Fed. R. Civ. P. 4(h) states that a corporation must be served either in accordance with Rule 4(e)(1) for serving an

---

[2] Rule 4(m) does not allow the court to "deem service acceptable." If the Kaltvelds are asking the Court to waive the service requirement for these defendants, the Court does not have the authority to do so.

2

individual or by personally delivering a copy of the complaint to an officer or agent of the corporation. MERS was not personally served, and personal service on Fannie Mae was not even attempted. (*See* Sundeen Affidavit, Motion 3, Dkt. No. 36 ("Fannie Mae" crossed out).) Looking to Rule 4(e)(1), the Kaltvelds could have effectuated service on these defendants by following state law for service in the state where the district court is located (Minnesota) or where service is made (Texas for Fannie Mae and Nebraska for MERS). Fed. R. Civ. P. 4(e)(1).

Rule 4 of the Minnesota Rules of Civil Procedure generally outlines how service is made in Minnesota. *See generally* Minn. R. Civ. P. 4. Specifically, Rule 4.03 governs "personal service" that occurs "within the state." Minn. R. Civ. P. 4.03. Under that rule, a domestic or foreign corporation may be served within the state "by delivering a copy to an officer or managing agent, or to any other agent ... designated by statute to receive service of summons." Minn. R. Civ. P. 4.03(c). Personal service occurs when a person physically hands the documents to be served to the person being served. An alternative to Rule 4.03 personal service is substitute service, which "is a substitute for service on the defendant," and under the law, "is just as good as personal service." *Living Word Christian Ctr. v. Church Mut. Ins. Co.*, No. 21-CV-1976 (SRN/TNL), 2022 WL 1228229, at *3 (D. Minn. Apr. 26, 2022). Substitute service is often provided for via statute, passed by the state legislature, usually to help parties avoid the inconvenience of personal service. *See, e.g.*, Minn. Stat. § 45.028, subd. 2 (allowing for service of process through the Minnesota Commissioner of Commerce); § 144E.19(c), subd. 3(c) (allowing for service via mail of suspension orders for ambulance service licensees).

However, sending process by certified mail constitutes neither personal nor substitute service under Minnesota law. *See id.* (citing *Melillo v. Heitland*, 880 N.W.2d 862, 863 (Minn. 2016)). There is no evidence that either defendant was served "within the state" of Minnesota, so personal service was not made on these defendants under Minnesota law. Likewise, the Kaltvelds did not properly effectuate substitute service on Fannie Mae or MERS under Minnesota law, because service by certified mail is not recognized as a valid form of substitute service under Minnesota law.

Texas law does permit the use of certified mail, with return receipt requested, to effectuate service of process. Tex. R. Civ. P 106(a)(2). "But it still matters who serves the defendant by mail, as neither Rule 4 nor Texas's rules allow a party to serve a defendant." *Sharma v. City of Dallas*, No. 3:24-CV-1310-D-BN, 2026 WL 183777, at *2 (N.D. Tex. Jan. 23, 2026) (citing Tex. R. Civ. P. 103). Here, Fannie Mae was served in Texas via certified mail with return receipt requested, but the Kaltvelds explicitly state that Ms. Kaltveld herself executed the service. (Kaltveld Affidavit, Motion 8, Dkt. No. 36 ("*I served* a true and correct copy of [the relevant documents] upon Federal National Mortgage Association (Fannie Mae) by certified mail, return receipt requested, to 5600 Granite Parkway, Plano, TX 75024.") (emphasis added)). Accordingly, Fannie Mae was not adequately served in Texas.

Finally, Nebraska law also allows that "[a] corporation may be served by … certified mail, or designated delivery service upon any officer, director, … [or agent], …, or by certified mail or designated delivery service to the corporation's registered office." Neb. Rev. Stat. § 25-509.01. Unlike Texas however, Nebraska does allow plaintiffs

4

themselves to effectuate service, when that service is made by certified mail. *See* Neb. Rev. Stat. § 25-506-01(2). This seemingly places Nebraska law in direct conflict with the Federal Rules of Civil Procedure, which state that a party may not serve a summons or complaint. Fed. R. Civ. P. 4(c)(2). Here, the Court concludes that the two are reconcilable. Rule 4(c) dictates *who* may effectuate service, and Rule 4(e) dictates *how* that service is effectuated (by someone who may effectuate service under Rule 4(c)). This means that a person wishing to effectuate service must make sure they are a person who can make service under the requirements of Rule 4(c) before they can determine how to do so under Rule 4(e). As with Fannie Mae, Ms. Kaltveld explicitly stated that she executed the service upon MERS. (Kaltveld Affidavit, Motion 12, Dkt. No. 36 ("*I served* a true and correct copy of [the relevant documents] upon Mortgage Electronic Registration Services, Inc. (MERS) by certified mail, return receipt requested, to 11819 Miami St. Suite 100, Omaha, NE 68164.") (emphasis added)). Rule 4(c) does not allow a party to serve a summons on a defendant, so even though certified mail service by a plaintiff would be allowed under Nebraska procedural law adopted by Rule 4(e), MERS was not adequately served in Nebraska.

      Even for trained lawyers, service can be a complex issue, especially when it involves the interaction of federal law with the laws of several states. Here, the Court finds that good cause exists to provide the Kaltvelds with a short extension of 14 days from the date of this order to properly serve Fannie Mae and MERS, under Fed. R. Civ. P. 4(m). The Kaltvelds are reminded that, although pro se filings are construed liberally by the courts, (*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), they are required to follow the same rules as are

followed by parties who come to court represented by counsel, including the Federal Rules of Civil Procedure and the District of Minnesota's Local Rules.[3] The Kaltvelds would benefit greatly from legal representation in this case, and if they contact the Court and request it, the Court will provide them with a referral to the Federal Bar Association's Pro Se Project, which may be able to help them find representation at little to no cost.

## **ORDER**

Based on the foregoing and on all of the files, records, and proceedings herein, the Court **ORDERS** that the Kaltvelds' Motion (Dkt. No. 36) is **GRANTED in part and DENIED in part**. The Kaltvelds must properly serve Fannie Mae and MERS within 14 days of the date of this order.

Date: March 5, 2026　　　　　　　　　　　　　*s/ John F. Docherty*
　　　　　　　　　　　　　　　　　　　　　　JOHN F. DOCHERTY
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[3] These rules and other resources can be found on the District Court's website at https://www.mnd.uscourts.gov/rules-and-resources.