**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Douglas Kaltved and Jenna Kaltved,

      Plaintiffs,

    v.

Brad Wise, et al.,

      Defendants.

Case No.: 0:25-cv-04755-NEB-JFD

**DEFENDANTS CENLAR FSB AND JASON WEBB'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION TO ENJOIN STATE EVICTION PROCEEDINGS**

## INTRODUCTION

Plaintiffs' motions for injunctive relief fail at the threshold: they do not seek, and could not obtain, any such relief from Defendants Cenlar FSB ("Cenlar") or Jason Webb ("Webb"). Plaintiffs have sought a temporary restraining order to enjoin a state court eviction proceeding that was scheduled for a hearing on February 18, 2026. However, Plaintiffs do not seek any injunctive relief against Cenlar or Webb, nor do they allege that either Defendant has any involvement in the state court eviction proceedings. Out of an abundance of caution and to preserve all defenses, Cenlar and Webb submit this response to clarify that there is no basis for injunctive relief against them.

Even if the motions could be construed to seek relief from Cenlar or Webb, they should be denied for at least two independent reasons. First, the Anti-Injunction Act bars the relief Plaintiffs seek. Second, Plaintiffs cannot meet the standard for injunctive relief

because (1) there is no imminent threat of irreparable harm, as Plaintiff Jenna Kaltved's bankruptcy prevented the completion of the state court eviction hearing, and (2) Plaintiffs cannot show any likelihood of success on the merits, as their claims are barred by the doctrine of *res judicata*.

## BACKGROUND

### i.    *The loan.*

On December 28, 2021, Plaintiffs Douglas and Jenna Kaltved executed a note and mortgage to secure repayment of a $403,750 loan they obtained from Onward Financing, LLC to purchase property located at 15581 Iodine Street NW, Ramsey, Minnesota.  (Doc. 1 ("Compl.")) ¶¶ 21–24, Exs. B, C.)  MERS was the mortgagee.  (Compl., Ex. C.)  MERS assigned the mortgage to AmeriHome Mortgage Company, LLC ("AmeriHome") in October 2023, with Cenlar acting as subservicer for AmeriHome.  (Compl. ¶¶ 15, 30.) Jason Webb is named in the Complaint as an employee of AmeriHome who executed certain foreclosure-related documents.  (*Id.* ¶ 14.)

According to the Complaint, in September 2023, Jenna Kaltved sent a debt-validation letter demanding that AmeriHome provide the original "wet-ink" note and other documentation and challenging the validity of the debt and assignments of the mortgage.  (Compl. ¶ 29.)  AmeriHome responded on November 7, 2023, and provided, in part, copies of the note, mortgage, assignment, and transaction histories.  (Compl. ¶ 34, Ex. G.)  Jenna Kaltved stated in response that it is her "understanding that a copy of a contract is not at all evidence that equal consideration was given, nor is it the original that

2

I may need for my inspection." (Compl., Ex. E.)  This is the theory that forms the basis of Plaintiffs' claims in both this lawsuit and the prior state court lawsuit.

### ii.    The prior state court lawsuit.

In March 2024, Plaintiff Jenna Kaltved filed a lawsuit against AmeriHome in Anoka County District Court.[1]  There, she raised substantially the same allegations asserted here—that AmeriHome failed to sufficiently respond to her debt-validation letter demanding the original "wet-ink" note and other documents, challenging the validity of the debt, and seeking to void the mortgage.  (*See* Doc. 69-1 (State Ct. Compl.) ¶¶ 8-10, 13, 17-18.)  The state court dismissed all claims with prejudice in September 2024, noting that Plaintiff's "show-me-the-note" theory has been "resoundingly rejected by the courts." (*See* Doc. 69-2 (Order of Dismissal).)

### iii.    The foreclosure sale.

Following the state court's dismissal, the property was sold at a sheriff's foreclosure sale on July 1, 2025.  (Compl. ¶ 42, Ex. I.)  On July 24, 2025, AmeriHome assigned the sheriff's certificate of sale to Fannie Mae.  (Compl. ¶ 43, Ex. J.)

### iv.    This lawsuit.

In this lawsuit, Plaintiffs again assert claims challenging the validity of the note, assignment of their mortgage, and foreclosure.  The claims in this lawsuit are based on

---

[1] The Court may take judicial notice of the pleadings, orders, and other documents filed in the prior lawsuit, case number 02-CV-24-1270, because they are matters of public record.  *See Wagner v. Bierwerth*, No. 25-CV-3444 (LMP/SGE), 2026 WL 446423, at *3 n.2 (D. Minn. Feb. 17, 2026) (courts "may take judicial notice of judicial opinions and public records.") (citing *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005)).

the same allegation that was rejected in the prior state court action: that Jenna Kaltved sent a debt validation letter demanding the "wet-ink" note, and AmeriHome did not provide the original note or "proof of consideration." (*See* Compl. ¶¶ 29, 34.) Plaintiffs claim that the foreclosure is void "because no Defendant has ever proven it is the holder of the original promissory note under Minn. Stat. § 336.3-301, nor have they shown they loaned actual funds to [the Plaintiffs]." (Compl. ¶ 20.)

On December 22, 2025, Plaintiffs filed their initial motion for temporary restraining order and preliminary injunction. (Doc. 3.) Plaintiffs subsequently filed two additional motions seeking overlapping injunctive relief. (Doc. 37; Doc. 41.) All three motions (the "Motions for Preliminary Injunction") seek to enjoin state court eviction proceedings and related actions. However, Plaintiffs do not request any injunctive relief from Cenlar or Webb in the Motions for Preliminary Injunction. (*See* Doc. 3; Doc. 37; Doc. 41.) Nor do Plaintiffs allege that Cenlar or Webb are involved in the eviction proceedings. (Compl. ¶¶ 14–15, 68–75; *see also* Doc. 3; Doc. 37; Doc. 41.)

## ARGUMENT

### I.      Plaintiffs Seek No Injunctive Relief Against Cenlar or Webb.

Plaintiffs' Motions for Preliminary Injunction seek to enjoin "Defendants, their agents, successors, and any subsequent purchasers" from (1) evicting Plaintiffs from the property, (2) transferring or encumbering any interest related to the sheriff's certificate of sale, and (3) allowing the statutory redemption period to expire. (*See* Doc. 3 at 1–2.) Although Plaintiffs refer generally to the "Defendants," nowhere in their motions do they identify Cenlar or Webb as parties from whom they are seeking injunctive relief, nor

4

have Plaintiffs alleged that Cenlar or Webb have any authority to take any of the actions at issue. (*See* Doc. 3; Doc. 37; Doc. 41.)

Nor could they, as neither Cenlar nor Webb are parties to the eviction proceedings or hold any current interest in the property. (*See* Doc. 37 at 7–12.) The Complaint confirms that Cenlar is not the current servicer or subservicer and is not involved in the foreclosure or eviction proceedings. (*See* Compl. ¶ 15.) Similarly, Webb's only alleged involvement is the execution of foreclosure-related documents in his capacity as an AmeriHome employee. (Compl. ¶ 14.) An injunction against Cenlar or Webb would be meaningless as neither has any authority to redress Plaintiffs' asserted injuries. Accordingly, there is no basis for injunctive relief against either Defendant, and Plaintiffs' Motions for Preliminary Injunction should be denied as to Cenlar and Webb on this basis alone.

## II.      Plaintiffs' Motions Must Be Denied for Additional Reasons.

Even if Plaintiffs sought injunctive relief from Cenlar or Webb (which they do not), their Motions for Preliminary Injunction should be denied for the reasons set forth in the memorandum of law filed by Defendants AmeriHome, ServiceMac, LLC, Mortgage Electronic Registration Systems, Inc., and Federal National Mortgage Association (Doc. 69), which Cenlar and Webb incorporate by reference. First, the Anti-Injunction Act, 28 U.S.C. § 2283, bars the requested injunction of the state court eviction proceedings. (*See* Doc. 69 at 6–7.) Second, Plaintiffs cannot meet the standard for a preliminary injunction. (*See id.* at 7–12.) As demonstrated by Cenlar and Webb's Co-Defendants, Plaintiffs cannot show any imminent, irreparable harm because Jenna

5

Kaltved's bankruptcy filing prevented completion of the February 18 eviction hearing and stayed the eviction proceeding.  (*See id.* at 12.)  Further, Plaintiffs are unlikely to succeed on the merits because their claims are barred by the doctrine of *res judicata*. (Doc. 69 at 8–12.)

## **CONCLUSION**

Because Plaintiffs do not seek any injunctive relief against Cenlar or Webb, and neither party has any involvement in the state court eviction proceedings, Plaintiffs' motions for temporary restraining order and preliminary injunction must be denied as to these Defendants.  Accordingly, Defendants Cenlar FSB and Jason Webb respectfully request that the Court deny Plaintiffs' motions for temporary restraining order and preliminary injunction in their entirety as to Cenlar and Webb, and grant such further relief as the Court deems appropriate.

Dated this 10th day of March, 2026.

HUSCH BLACKWELL LLP
Attorneys for Defendants Cenlar FSB and
Jason Webb

By:  s/ Natalia S. Kruse
Natalia S. Kruse, 0504307
80 South 8th Street, Suite 4800
Minneapolis, Minnesota 55402
612.852.2700
612.852.2701 (fax)
Natalia.Kruse@huschblackwell.com

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this memorandum of law complies with the limits in LR 7.1(f) and with the type-size limit of LR 7.1(h).  The memorandum of law contains 1,348 words.  This word count relied on the word-count function of Microsoft Word word-processing software that was applied specifically to include all text, including headings, footnotes, and quotations.

*/s/ Natalia S. Kruse*