**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Douglas Kaltved and Jenna Kaltved, | Case No.: 25-cv-4755 (NEB/JFD) |
| Plaintiffs, | **DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| Brad Wise, et al., | |
| Defendants. | |

Defendant Federal National Mortgage Association (**Fannie Mae**) moves for dismissal of plaintiffs Douglas Kaltved and Jenna Kaltved's (collectively, **Kaltveds**) claims pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Fannie Mae states as follows.

## I.      INTRODUCTION & SUMMARY

This is the second lawsuit seeking to prevent enforcement of the mortgage the Kaltveds voluntarily granted against the property. The instant action bases on the same issues previously decided on the merits in the prior lawsuit—whether producing the original "wet-ink" note and demonstrating holder-in-due-course status are required to establish standing to foreclose. The doctrine of *res judicata* bars the Kaltveds from relitigating all claims raised, or that could have been raised, in the prior lawsuit.

## II.      FACTUAL AND PROCEDURAL HISTORIES

### A.      The property and the loan.

On December 28, 2021, the Kaltveds executed a note and mortgage to secure repayment of a $403,750 loan they obtained from Onward Financing, LLC to purchase the

**DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
Court No. 25-cv-4755 (NEB/JFD); *Douglas Kaltved and Jenna Kaltved v. Brad Wise, et al.*

**Page 1 of 11**

property located at 15581 Iodine Street NW, Ramsey, Minnesota 55303.  (Comp. ¶¶ 21-24 & exs. B-C.)  The mortgage states Mortgage Electronic Registration Systems, Inc. (**MERS**) "is the mortgagee under this Security Instrument".  (Comp. ex. C.)  On October 11, 2023, MERS assigned the mortgage to AmeriHome Mortgage Company, LLC, (**AmeriHome**).  (Comp. ¶ 30 & ex. F.)

**B.    The Kaltveds demand the original "wet-ink" note.**

In September 2023, Jenna Kaltved sent AmeriHome "a debt-validation letter demanding the original wet-ink note, GAAP ledgers, and proof of consideration".  (Comp. ¶ 29 & ex. E.)  AmeriHome confirmed receipt of Jenna Kaltved's correspondence by letter dated October 6, 2023, and provided a more substantive response by letter dated November 7, 2023.  (Comp. ¶ 34 & ex. G.)  The November 7 letter identified Fannie Mae as the owner/investor, AmeriHome as the mortgage servicer, and an itemization of the amounts then due and owing, and also provided copies of the note, mortgage, assignment, and transaction histories.  (Comp. ¶ 34 & ex. G.)  Jenna Kaltved confirmed receipt by letter dated December 1, 2023, stating it is her "understanding that a copy of a contract is not at all evidence that equal consideration was given, nor is it the original that I may need for my inspection."  (Comp. ex. E.)

**C.    The prior lawsuit.**

On March 13, 2024, Jenna Kaltved sued AmeriHome in the lawsuit styled *Jenna Kaltved v. AmeriHome Mortgage Company, LLC*, assigned case number 02-CV-24-1270,

before the tenth judicial district court, Anoka County, Minnesota (**prior lawsuit**).[1]  She alleges she sent AmeriHome a debt validation demand in September 2023 "request[ing] comprehensive loan and account information, focusing on the origin, ownership, authenticity, and accuracy of the alleged debt". (Prior comp. ¶¶ 8, 10, **ex. 1**.)  She claimed AmeriHome's failure to respond satisfactorily "created uncertainty about the true nature of the transaction, including its authenticity, ownership, and the consideration provided" by AmeriHome which "also indicated an inability to establish the loan/debt's validity, rightful ownership, and holder-in-due-course status." (Prior comp. ¶¶ 17-18, **ex. 1**.)  Among other things, she requested a judgment (**1**) declaring "the alleged debt is not owed and is unenforceable, (**2**) ordering AmeriHome to "transfer the certificate of title to the property", and (**3**) ordering AmeriHome to "relinquish any other rights, liens, or claims over the property". (Prior comp. p. 7, **ex. 1**.)

By order dated September 4, 2024, the district court dismissed Jenna Kaltved's claims in their entirety, with prejudice. (Order, **ex. 2**.)  The district court's memorandum opinion references Jenna Kaltved's demand for the original "wet ink" note as an attempt to proceed "under the exact 'show-me-the-note' reasoning that has been resoundingly rejected by the courts." (Order p. 5, **ex. 2**.)  The order states all of Jenna Kaltved's "claims

---

[1] Fanie Mae requests this court take judicial notice of the pleadings, orders, and other documents filed in the prior lawsuit because they are matters of public record.  *See Rued v. Jaykumar Jayswal*, No. 24-CV-1763 (JRT/TNL), 2024 U.S. Dist. LEXIS 242381, at *6 n.3 (D. Minn. 2024) (federal "courts may take judicial notice of public state-court documents.") (citing *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Smith v. Gordon*, No. 24-CV-2714 (JMB/SGE), 2024 U.S. Dist. LEXIS 183430, at *1 n. 1 (D. Minn. Oct. 8, 2024))).

stem from a perceived right to demand information and desire to call into question the debt's validity." (Order p. 5-6, **ex. 2**.)

## D.     Property sold at foreclosure sale.

On May 19, 2025, the Kaltveds were each personally served with notice informing them the property was scheduled to be sold at a foreclosure sale on July 1, 2025. (Comp. ex. I.) In response, Jenna Kaltved faxed ServiceMac, LLC (**ServiceMac**) a document "asserting lack of standing to foreclose and demanding zero balance confirmation, lien release, original note, and chain of title." (Comp. ¶ 39 & ex. K.) ServiceMac responded by letter dated June 27, 2025, confirming the July 1, 2025 sale date and providing copies of a complete transaction history, note, mortgage, escrow statements, notice of servicing transfer, and most recent mortgage statement. (Comp. ¶ 41 & ex. N.) According to the Kaltveds, the response does not constitute the "validation" requested. (Comp. ¶ 41.)

On July 1, 2025, the sheriff's office conducted a foreclosure sale and sold the property to AmeriHome for $342,100.00. (Comp. ¶ 42 & ex. I.) On July 24, 2025, AmeriHome assigned the sheriff's certificate of sale to Fannie Mae. (Comp. ¶ 43 & ex. J.)

## E.     The Kaltveds seek to relitigate the same claims from the prior lawsuit.

On December 23, 2025, the Kaltveds filed the instant lawsuit alleging that when they "refused to pay people who couldn't provide they were owed anything, they retaliated by foreclosing and trying to steal our home." (Comp. p. 1.) The claims in the instant action rely on the same allegations as the prior lawsuit—that "Jenna Kaltved sent a debt-validation letter demanding the original wet-ink note" and other documents from AmeriHome in September 2023. (*Compare* comp. ¶ 29 & ex. E, *with* prior comp. ¶¶ 8, 10.) The Kaltveds

acknowledge AmeriHome responded in 2023 identifying Fannie Mae as the investor, but allege it did not "provide the original note, any GAAP ledgers, or proof of consideration." (*Compare* comp. ¶ 34 & ex. G, *with* prior comp. ¶¶ 12-15.)  They contend "AmeriHome lacked authority to foreclose without authorization from [Fannie Mae]—yet no such authorization appears in the county records [...] or was provided despite [the Kaltveds'] demands".  (*Compare* comp. ¶ 34, *with* prior comp. ¶¶ 17-19.)

Basing on these allegations, the Kaltveds contend "the entire non-judicial foreclosure process and sheriff's sale are void for lack of standing because no Defendant has ever proven it is the holder of the original promissory note under Minn. Stat. § 336.3-301, nor have they shown they loaned actual funds to [the Kaltveds]."  (Comp. ¶ 20.)  Like the prior lawsuit, the Kaltveds seek a judgment "declaring any liens or debts [...] are invalid and unenforceable due to failure to provide required documentation."  (*Compare* comp. p. 25(A), *with* prior comp. p. 7(b).)  They also seek a judgment quieting title in the property the Kaltveds, free and clear of all other claims.  (*Compare* comp. p. 25(B), *with* prior comp. p. 7(c-d).)

## III.   ARGUMENTS & AUTHORITIES

### A.   Applicable legal standard.

Rule 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted."  To survive a motion to dismiss, the allegations of the complaint must establish a plausible right to relief above the speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A formulaic recitation of the elements, because of its conclusory nature, is not entitled to

the usual presumption of truth. *Ashcroft*, 556 U.S. at 698. A plaintiff must instead plead facts, and those facts "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. The facts actually pleaded must, on their face, give rise to a plausible claim for relief. *Ashcroft*, 556 U.S. at 678-79. A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In deciding a motion to dismiss, the court may consider the allegations of the complaint, exhibits to the complaint, and "materials that are necessarily embraced by the pleadings." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015).

"[T]he Eighth Circuit has recognized that the affirmative defense of res judicata may be raised in a motion to dismiss, if the applicability of res judicata 'is apparent on the face of the complaint.'" *Magee v. Hamline Univ.*, 1 F.Supp.3d 967, 972 (D. Minn. 2014) (quoting *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012)). "In reviewing such a motion, the 'face of the complaint' consists of 'public records and materials embraced by the complaint' including prior court orders and judgments." *Magee*, 1 F.Supp.3d at 972-73 (quoting *C.H. Robinson*, 695 F.3d at 764). Courts may consider a previous dismissal order, because it is part of the public record, in deciding a motion to dismiss under Rule 12(b)(6). *Magee*, 1 F.Supp.3d at 973 (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

## B.   The doctrine of *res judicata* bars the Kaltveds' claims.

"Res judicata precludes parties from raising subsequent claims in a second action when: '(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privities; (3) there was a final judgment on the

merits; (4) the estopped party had a full and fair opportunity to litigate the matter.'" *Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 220 (Minn. 2007) (quoting *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004))  "Res judicata applies equally to claims actually litigated and to claims that could have been litigated in the earlier action."  *Brown-Wilbert, Inc.*, 732 N.W.2d at 220 (citing *State v. Joseph*, 636 N.W.2d 322, 327 (Minn. 2001)).  "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Magee*, 1 F.Supp.3d at 973 (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).

"Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided."  *Magee*, 1 F.Supp.3d at 973 (quoting *Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1102 (8th Cir. 2013) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984))). "Claim preclusion, on the other hand, 'operates to preclude a party from relitigating the same cause of action.'"  *Magee*, 1 F.Supp.3d at 973 (quoting *Wedow v. City of Kan. City, Mo.*, 442 F.3d 661, 669 (8th Cir. 2006) (citing *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001))).  "Although issue preclusion bars parties from relitigating only those issues 'that were actually litigated and necessary to the outcome of a prior judgment,' the claim preclusion aspect of res judicata 'bars claims that were or could have been litigated in the earlier proceeding'."  *Magee*, 1 F.Supp.3d at 973 (internal citations omitted) (quoting *Jefferson Smurfit Corp. v. United States*, 439 F.3d 448, 451 (8th Cir. 2006); *Wedow*, 442 F.3d at 669).

### 1. The Kaltveds' claims base on the same nucleus of operative facts.

"The Eighth Circuit 'has adopted the position of the Restatement (Second) of Judgments in determining whether two causes of action are the same for res judicata purposes.'" *Magee*, 1 F.Supp.3d at 974 (quoting *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990)). "[U]nder this approach a claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." *Id.* (alteration in original). "Whether the legal theories asserted in the two causes of actions differ is 'relatively insignificant because a litigant cannot attempt to relitigate the same claim under a different legal theory of recovery.'" *Magee*, 1 F.Supp.3d at 974 (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 674 (8th Cir. 1998)).

The claims in this lawsuit base on the same nucleus of operative facts as the prior lawsuit—the note, mortgage, and assignment, and the Kaltveds' "perceived right to demand information and desire to call into question the debt's validity." (Order p. 5-6, **ex. 2**.) The court in the prior lawsuit addressed Jenna Kaltved's allegation AmeriHome "lacks the 'bona fide holder status' that is necessary for a loan servicer to enforce a debt under a Mortgage and evidenced by a Note." (Order p. 9, **ex. 2**.) It judicially noticed MERS' assignment of the mortgage and concluded "AmeriHome Mortgage is a valid assignee and is the servicer of the Mortgage." (Order p. 9, **ex. 2**.)

The Kaltveds now want this court to adjudicate their request to quiet title and declare the foreclosure sale invalid basing on defendants' purported failure to demonstrate standing to enforce the mortgage. This is the same issue adjudicated in the prior lawsuit, and the doctrine of *res judicata* bars the Kaltveds from relitigating it in this lawsuit.

DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
Court No. 25-cv-4755 (NEB/JFD); *Douglas Kaltved and Jenna Kaltved v. Brad Wise, et al.*

Page 8 of 11

### 2.    The parties are the same or in privity with the parties in the prior lawsuit.

"Privity 'expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties.'" *Welk v. Fannie Mae*, 561 Fed. App'x 577, 579 (8th Cir. 2014) (quoting *Rucker v. Schmidt*, 794 N.W.2d 114, 118 (Minn. 2011)).   "Those in privity would include, according to the Restatement, 'those who control an action although not parties to it; those whose interests are represented by a party to the action; successors in interest to those having derivative claims'." *Margo-Kraft Distributors, Inc. v. Minneapolis Gas Co.*, 200 N.W.2d 45, 47 (1972) (quoting Restatement (First) of Judgments § 83 cmt. a (1942)).

Although Jenna Kaltved was the sole plaintiff in the prior lawsuit, her husband Douglas Kaltved is in privity with her because he was also a party to the mortgage and joint owner of the property.  *See Hintz v. JPMorgan Chase Bank, N.A.*, No. 10-2825 (MJD/JJK), 2011 U.S. Dist. LEXIS 12416, at *16-17 (D. Minn. Feb. 8, 2011) ("The First Lawsuit involved the same parties, or their privities, as the current lawsuit.  Here, Mr. Hintz, one of the two Plaintiffs in this case, was the plaintiff in the state lawsuit.  As a joint owner of the Property, Ms. Hintz, the second Plaintiff in this case, was in privity with Mr. Hintz.  '[T]wo parties who have similar interests in the same realty are in privity.'") *aff'd* 686 F.3d 505 (8th Cir. 2012) (alteration in original) (quoting *Deli v. Hasselmo*, 542 N.W.2d 649, 657-58 (Minn. Ct. App. 1996)).

Fannie Mae, MERS, and ServiceMac are in privity with AmeriHome, who was the only defendant formally named in the prior lawsuit. In the prior lawsuit, AmeriHome was the assignee of the mortgage. (Order p. 9, **ex. 2**.) Similarly, MERS preceded AmeriHome as the original mortgagee named in the mortgage. (Comp. ex. C; order p 9, **ex. 2**.) ServiceMac represented AmeriHome as the mortgage servicer of the debt. (Comp. ex. N.) The relationship between Fannie Mae as the equitable owner of the debt, MERS as the original mortgagee, AmeriHome as the assignee of the mortgage, and ServiceMac as the mortgage servicer makes these parties sufficiently aligned to hold them in privity for purposes of *res judicata*. *See Welk*, 561 Fed. App'x at 579-80 ("Wells Fargo was the legal assignee of the mortgage [… acting] on behalf of the true owner of the debt, Fannie Mae, the equitable owner of the mortgage.")

**3.    The judgment in the prior lawsuit was a final judgment on the merits.**

The state court's order in the prior lawsuit granted AmeriHome's motion to dismiss the complaint "for failing to state a claim on which relief can be granted" and dismissed Jenna Kaltved's claims with prejudice. (Ord. p. 1, **ex. 2**.) A dismissal for failure to state a claim upon which relief can be granted is an "adjudication [] on the merits under Minnesota law." *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 509 (8th Cir. 2012) (citing Minn. R. Civ. P. 41.02(a), (c)).

**4.    The prior lawsuit provided a full and fair opportunity to litigate these claims.**

"The question of whether a party had a full and fair opportunity to litigate a matter generally focuses on whether there were significant procedural limitations in the prior

proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *Anderson v. City of St. Paul*, 849 F.3d 773, 779 (8th Cir. 2017) (quoting *Joseph*, 636 N.W.2d at 328). There were no limitations on the Kaltveds' ability to litigate the claims in the prior lawsuit.

## IV.    PRAYER

Wherefore, premises considered, Fannie Mae requests this court dismiss the Kaltveds' claims with prejudice and grant it any and all further relief to which it is entitled.

Respectfully submitted,

Dated:  March 13, 2026                 HINSHAW & CULBERTSON LLP

By:    *s/Annie Santos*
M. Annie Santos, Reg. No. 0389206
250 Nicollet Mall, Suite 1150
Minneapolis, MN  55401
Telephone:  612-333-3434
Fax:  612-334-8888
asantos@hinshawlaw.com

ATTORNEYS FOR DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION