# Exhibit 1

Filed in District Court
State of Minnesota

MAR THE CIRCUIT COURT OF ANOKA COUNTY

Jenna Kaltved,

   *Plaintiff,*

vs.

AMERIHOME MORTGAGE COMPANY, LLC,

   *Defendant.*

Case No.: _02-CV-24-1270_

**PLAINTIFF'S VERIFIED COMPLAINT AND
REQUEST FOR RELIEF**

### VERIFIED COMPLAINT AND REQUEST FOR RELIEF

COMES NOW, Plaintiff, Jenna Kaltved ("Plaintiff"), by her own authority, to respectfully request that this Court take notice of the fact Plaintiff is without counsel, is not schooled in law and legal procedures, and is not licensed to practice law. Therefore, Plaintiff's pleadings must be read and construed liberally.

Plaintiff brings this complaint against Defendant AMERIHOME MORTGAGE COMPANY, LLC and alleges as follows:

### PARTIES

1. Plaintiff is a woman who has a principal place of dwelling in Anoka County and is the holder of the account with Defendant.

2. Defendant is a business that regularly engages in commerce in Anoka County.

### JURISDICTION AND VENUE

3. This court has jurisdiction over this matter as courts rely on established legal principles and precedents to determine breach of contract, acquiescence and estoppel claims.

4. Venue is proper because the harm to be enjoined is threatened in Anoka County.

5. This Honorable Court has jurisdiction.

### FACTUAL ALLEGATIONS

6. On December 28, 2021, Plaintiff and Defendant entered into a written contract.

7. The Plaintiff, relying on Generally Accepted Accounting Principles and Financial Accounting Standards Board principles, conducted due diligence to ensure fairness, equal consideration and transparency in the alleged loan transaction.

8. On September 25, 2023, the Plaintiff sent a **Notice of Conditional Acceptance and Offer to Perform**, along with an **Affidavit of Facts: Verification & Validation of Debt** to the Defendant. Attached hereto as Exhibit 1.

9.  The **Notice of Conditional Acceptance and Offer to Perform** was issued by the Plaintiff, exercising their rights as an interested party, seeking transparency and legitimacy regarding the alleged loan transaction. Attached hereto as Exhibit 1.

10. The Plaintiff, in their notice, specifically requested comprehensive loan and account information, focusing on the origin, ownership, authenticity, and accuracy of the alleged debt, based on Generally Accepted Accounting Principles (GAAP) and Financial Accounting Standards Board (FASB) principles.

11. Said correspondence gave Defendant a reasonable amount of time to provide the requested documents and information to avoid acquiescence to the terms stipulated in Plaintiff's requests.

12. On November 7, 2023, the Plaintiff received documents from Defendant in response to the first Notice, indicating the Defendant's initial acknowledgment and engagement in the matter.

13. Despite the Plaintiff's good-faith disclosure requests and numerous opportunities provided for the Defendant to respond, Defendant failed to provide full disclosure and verification of the alleged loan.

14. On December 1, 2023, the Plaintiff, not satisfied with the Defendant's response, sent a **MORTGAGE FOLLOW UP LETTER** to Defendant, seeking further clarification and information. Attached hereto as Exhibit 2.

15. On December 18, 2023, the Plaintiff received a Mortgage Statement from Defendant, raising additional questions regarding the consideration given in relation to the alleged debt and mortgage loan.

16. Subsequently, on January 5, 2024, the Plaintiff received an Acknowledgment Letter from Defendant, indicating continued communication between the parties.

17. The Defendant's failure to provide full disclosure and verification of the alleged loan, coupled with the Plaintiff's due diligence, has created uncertainty about the true nature of the transaction, including its authenticity, ownership, and the consideration provided by Defendant.

18. The Plaintiff reasonably believed that the Defendant's failure to respond also indicated an inability to establish the loan/debt's validity, rightful ownership, and holder-in-due-course status.

19. The Defendant's actions, including the failure to respond adequately to the Plaintiff's requests, the supposed lack of good faith, adequate consideration, acquiescence and estoppel have caused the Plaintiff damages, including ongoing alleged obligations and potential negative credit consequences.

## ARGUMENT

### Plaintiff's Request for Disclosure of Material Information

20. Plaintiff initiated this action after conducting extensive research on banking and accounting principles, discovering that the Defendant possibly failed to disclose crucial information regarding the alleged loan transaction.

21. Plaintiff acknowledges their non-expertise in banking and asserts that it is reasonable for someone without expertise in law, banking, or accounting to raise questions about the transaction.

22. Plaintiff formally requested the Defendant to verify the validity, origin and ownership of the alleged debt and provide evidence of equal and adequate consideration in the transaction. This request was made in accordance with established legal principles, emphasizing the Plaintiff's commitment to good faith and clean dealings in resolving the commercial matter.

23. In the alternative, Plaintiff requested Defendant respond to Plaintiff's request by written affirmation telling Plaintiff that their contentions are either correct or incorrect.

24. Defendant responded with a photocopy of the alleged financial agreement in question, along with a copy of the transaction history of Plaintiff's account.

25. Plaintiff is of the understanding this is not verified evidence and full disclosure of origin, ownership, authenticity, and accuracy of the alleged loan and transaction.

26. Plaintiff emphasizes the Black's Law 6th edition definitions below:

    a. "**Verify**. To confirm or substantiate by oath or affidavit. Particularly used for making formal oaths to accounts, petitions, pleadings, and other papers."

    b. "**Verification**. Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition. Affidavit of truth of matter stated and object of verification is to assure good faith in averments or statements of party. Sheeley v. City of Santa Clara, 215 Cal.App.2d 83, 30 Cal.Rptr. 121, 123. "Sworn or equivalent confirmation of truth."

27. Plaintiff further requested Defendant to "please send a statement that reflects that the consumer was given full disclosure of all material facts of the loan transaction, or send a particular statement that reflects that your company is not required to do so."

28. Plaintiff emphasized, "it is now, and always has been, my intention to operate with good faith and with clean hands, I am working diligently to satisfy this commercial matter" and is not looking to avoid performing any obligation Plaintiff may lawfully owe.

## COUNTS

### Count I: Breach of the Implied Covenant of Good Faith and Fair Dealing

29. Plaintiff incorporates paragraphs 1-28 by reference as if fully stated herein.

30. Existence of a Contract: There must be a valid contractual relationship between the Plaintiff and Defendant.

31. Implied Covenant: Every contract carries an implied covenant of good faith and fair dealing.

32. Failure to Act in Good Faith: Defendant breached the implied covenant by not providing full disclosure, verification, and adequate responses regarding the alleged loan transaction.

33. Causation: The breach of the implied covenant directly resulted in damages to the Plaintiff, including financial repercussions and potential credit consequences.

## Count II: Breach of Implied Contract from Acquiescence

34. Plaintiff incorporates paragraphs 1-33 by reference as if fully stated herein.

35. Engagement in Private Correspondence: There has been a history of private correspondence between the Plaintiff and Defendant regarding the alleged debt and mortgage loan.

36. Mutual Understanding: Through the course of communication, a mutual understanding was established through the exchange of letters, creating an implied contract.

37. Implicit Agreement: Defendant, by engaging in private correspondence, implicitly agreed to cooperate and provide relevant information.

38. Breach of Implied Contract: Defendant breached the implied contract by failing to provide the necessary information and verification requested by the Plaintiff within the time frame stated in said correspondence.

39. Causation: The breach of the implied contract resulted in damages to the Plaintiff, including ongoing alleged obligations and potential negative credit consequences.

## Count III: Lack of Consideration

40. Plaintiff incorporates paragraphs 1-39 by reference as if fully stated herein.

41. Existence of a Contract: A valid contractual relationship existed between the Plaintiff and Defendant.

42. Fundamental Element of Consideration: Consideration is a fundamental element of a valid contract, requiring both parties to provide something of equal or adequate value.

43. Questionable Provision of Credits: Defendant allegedly provided credits on a transaction account through bookkeeping, lacking intrinsic value and not representing a tangible exchange of value.

44. Breach of Consideration: Defendant's provision of credits, devoid of intrinsic value, constitutes a breach of the contractual relationship.

45. Causation: The lack of equal or adequate consideration resulted in damages to the Plaintiff, including ongoing alleged obligations and potential negative credit consequences.

**Verified Complaint and Request for Relief**

Page 4 of 7

## Count IV: Failure to Prove Bona Fide Loss

46. Plaintiff incorporates paragraphs 1-45 by reference as if fully stated herein.

47. Transparency Request: The Plaintiff exercised the right to seek transparency regarding the alleged loan transaction.

48. Inadequate Proof of Loss: Defendant failed to adequately prove a bona fide loss resulting from the alleged debt and mortgage loan.

49. Doubts About Debt Validity: Lack of evidence demonstrating a legitimate financial loss raises doubts about the validity of the claimed debt.

50. Plaintiff's Due Diligence: The Plaintiff's reliance on recognized accounting principles and Defendant's inability to substantiate a bona fide loss contribute to the uncertainty surrounding the transaction.

51. Causation: Defendant's failure to prove a bona fide loss resulted in damages to the Plaintiff, including ongoing alleged obligations and potential negative credit consequences.

## Count V: Lack of Bona Fide Holder Status

52. Plaintiff incorporates paragraphs 1-51 by reference as if fully stated herein.

53. Claimed Holder in Due Course Status: Defendant claims holder in due course status regarding the alleged debt and mortgage loan.

54. Scrutiny of Status: The Plaintiff, acting in good faith, raises legitimate questions about Defendant's assertion of holder in due course status.

55. Breach of Status Impacts Validity: Lack of proper bona fide holder status may impact the validity and enforceability of the alleged debt.

56. Plaintiff's Right to Clarification: The Plaintiff has the right to seek clarification regarding Defendant's status to ensure transparency and understanding of the transaction.

57. Causation: Lack of proper bona fide holder status by Defendant raises questions about the legitimacy and transferability of the alleged debt, causing damages to the Plaintiff.

## Count VI: Unfair Business Practice

58. Plaintiff incorporates paragraphs 1-57 by reference as if fully stated herein.

59. Failure to Provide Information: Defendant engaged in unfair business practices by failing to provide comprehensive disclosure of loan and account information as requested in good faith by the Plaintiff.

60. Intent to Mislead: The failure to respond adequately to inquiries and provide transparent details about the alleged debt and mortgage loan constitutes an unfair and deceptive business practice.

61. Impact on Plaintiff: Defendant's actions have caused uncertainty about the true nature of the transaction, negatively impacting the Plaintiff.

**Verified Complaint and Request for Relief**

62. Ongoing Damages: The Plaintiff suffered ongoing damages and potential negative credit consequences due to Defendant's unfair business practices.

63. Causation: The Plaintiff seeks relief for the harm suffered due to Defendant's unfair business practices, emphasizing the need for transparency, legitimacy, and compliance with legal and ethical standards in financial transactions.

### Count VII: Estoppel

64. Plaintiff incorporates paragraphs 1-63 by reference as if fully stated herein.

65. Engagement in Communication: The Plaintiff and Defendant engaged in ongoing communication regarding the alleged debt and mortgage loan.

66. Implied Consent: Through continued correspondence and acknowledgment of communication, an implied consent or acquiescence is established.

67. Reliance on Implied Consent: The Plaintiff reasonably relied on Defendant's implied consent or acquiescence, expecting cooperation, transparency, and adequate responses.

68. Defendant's Breach: Defendant breached the implied consent or acquiescence by failing to provide the necessary information and verification requested by the Plaintiff.

69. Causation: The breach of the implied consent or acquiescence resulted in damages to the Plaintiff, including ongoing alleged obligations and potential negative credit consequences.

70. Estoppel Application: Defendant is estopped from denying the existence of the implied consent or acquiescence, given the Plaintiff's reliance and the ongoing communication between the parties.

71. Causation: The Plaintiff suffered damages directly resulting from Defendant's breach of the implied consent or acquiescence, justifying the application of estoppel as a remedy.

### Count VIII: Removal, Release, and Revocation of Lender's Rights, Titles, and Interest

72. Plaintiff incorporates paragraphs 1-71 by reference as if fully stated herein.

73. Claimed Rights, Titles, and Interest: Defendant claims rights, titles, and interest in the alleged mortgage loan.

74. Clouded Claim: Lack of adequate consideration, good faith, and fair dealing questions the legitimacy of Defendant's asserted rights.

75. Plaintiff's Commitment to Good Faith Dealings: The Plaintiff's commitment to good faith dealings contrasts with Defendant's actions, justifying the removal, release, or revocation of claimed rights, titles, and interest.

76. Uncertainties Surrounding Transaction: The uncertainties surrounding the transaction, exacerbated by Defendant's intentional non-disclosure, strengthen the Plaintiff's request for a just and equitable resolution.

**Verified Complaint and Request for Relief**

77. Causation: The Plaintiff emphasizes the need for a just and equitable resolution that aligns with the principles of good faith and fair dealing in contractual relationships.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendant and award Plaintiff the following relief:

a. Grant restitution for the Counts listed herein;

b. Declaration that the alleged debt is not owed and is unenforceable;

c. Order the Defendant to transfer the certificate of title to the property, namely Plaintiff's principal dwelling located at 15581 Iodine Street Northwest, Ramsey, MN 55303.

d. Order the Defendant to relinquish any other rights, liens, or claims over the property and to execute any necessary documents or instruments required for the transfer of title to the Plaintiff;

e. Actual damages in an amount to be determined, but not less than $43,164.07;

f. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted __13__ day of __March__, 2024,

UNDER PENALTIES OF PERJURY, I affirm that the facts alleged in the foregoing are true and correct according to my own personal knowledge.

Signed reserving all my rights.

_____

By: Jenna Kaltved, a woman

Kaltved: Jenna

Exhibit 1
page 1 of 7

Mail responses to:
Jenna Kaltved
38868 12th Ave
North Brand, MN 55056

**To** , Jim Furash, CEO of AMERIHOME MORTGAGE
 1 Baxter Way Ste 300,
Thousand Oaks, CA 91362

09/25/2023

Certified Mail Number No. 7022 2410 0002 5637 0085 RRR

**RE: AMERIHOME MORTGAGE Account No. 0173355454**

## NOTICE OF CONDITIONAL ACCEPTANCE
## AND OFFER TO PERFORM

Peaceful greetings to you Mr. Jim Furash, CEO, and agents of AMERIHOME MORTGAGE, I hope the NOTICE OF CONDITIONAL ACCEPTANCE AND OFFER TO PERFORM (hereinafter Notice) reaches to in good health and stead.

I am writing you and giving you this Notice because I received a bill which appears to reflect that you and your company are expecting payment for an alleged debt. After doing my due diligence to ensure that there is a debt owed, it appears to me that this alleged debt is not valid. Therefore, I am exercising my right to request and require you and your company to verify that this alleged debt is valid. As it is now, and always has been, my intention to operate with good faith and with clean hands, I am working diligently to satisfy this commercial matter. As it appears to me that you and your agency are of some belief that the debt is valid, I would like for you and your institution to cease any collection of the alleged debt until it can be verified that there is a valid debt that I, as a consumer, owe.

This Notice, once more, is to inform you that it is not now and never will be my intention to avoid paying anything I lawfully owe. It is now and always has been my intention to conduct myself and my commercial affairs in good faith and with clean hands. It is my intent to settle this matter promptly and remain in honor. This Notice

Page **1** of **5**

Exhibit 1 page 2 of 7

will serve as an offer to perform on your claim and a conditional acceptance of your offer under these certain conditions. Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to: any failure of your company to give full disclosure of the agreement, failure of consideration or material alterations, and that the original lender provided value.

**As I understand it, ONWARD FINANCING nor AMERIPRISE FINANCIAL INC did not give full disclosure in this agreement and as a result I was not made aware of the following facts that would reveal that this debt is not valid. The following facts support my position in this matter:**

1.   ONWARD FINANCING failed to disclose to the consumer JENNA KALTVED (hereinafter "consumer") that ONWARD FINANCING used consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged account, whereby ONWARD FINANCING risked nothing of value.

2.   ONWARD FINANCING has not used any of their own capital, funds, money or money equivalents to pay for any charges on the alleged account.

3.   ONWARD FINANCING received "something-for-nothing" by using the consumer's note(s) to fund charges to the loan account while retaining payments from consumer.

4.   So, due to the fact that ONWARD FINANCING failed to disclose the above information in their loan agreement prior to soliciting applicant to become bound by it, I as a consumer did not knowingly, intentionally, voluntarily and intelligently get into any agreement to pay any monthly charges

5.   Due to the lack of disclosure, AMERIHOME MORTGAGE has, directly or indirectly, used false, deceptive, or misleading representations or means, in the same way that a debt collector would be in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e

6.   If there was any securitization of the "initial outstanding balances" of the alleged account, ONWARD FINANCING nor AMERIHOME MORTGAGE would not be a

Page 2 of 5

Exhibit 1 page 3 of 7

holder in due course, and therefore cannot have incurred a loss or make a valid claim.

I want to receive absolute assurance from AMERIHOME MORTGAGE that this is a valid debt. In order to settle this matter, please sign or have an authorized officer sign the enclosed affidavit, confirming that you have read the agreement, that you understand GAAP, the bookkeeping entries, accounts receivables and deposits, the banking laws, and the Federal Reserve bank's policies and procedures. **Failure of an authorized officer to affirm and sign the enclosed affidavit will stand as your agreement that the debt is NOT valid and that the PLAIN STATEMENT OF FACTS in the affidavit are NOT the truth, failure of an authorized officer to affirm and sign the enclosed affidavit will stand as your agreement that the contrary to the PLAIN STATEMENT OF FACTS in the affidavit are the truth and that JENNA KALTVED owes your company nothing. If an authorize officer signs the enclosed affidavit, please send the signed affidavit to the address listed above.**

**In addition please furnish me with the following information:**

1. A complete statement of Damages, including each and every loss that AMERIHOME MORTGAGE incurred under the alleged agreement.

2. A front and back, true and correct copy of the alleged signed agreement bearing my signature (full & complete disclosure), and a detailed copy of the alleged account. As well as the name, address and telephone number of AMERIHOME MORTGAGE CPA auditor.

If you cannot verify and validate this debt by the above listed means, it will stand that AMERIHOME MORTGAGE and any associated agencies have no right, or capacity to collect on this alleged debt.

During this validation period, there should be no actions which could be considered detrimental to any of my credit reports to include, but not limited to: any negative marks found or any report on any of my credit reports by your company or any company that you represent. As I understand it, that would be in violation of the **Fair Credit Reporting Act** and **Defamation of Character, Bank Fraud, Aggravated Identity Theft and Conspiracy**.

Exhibit 1   page 4 of 7

Non-compliance with this request could violate **Fair Credit Reporting Act, Section 623(a)(3) - Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2].**

As I have already been in communication with you and your company requesting that you furnish me with the documents I require to verify that this is a valid debt for over thirty (30) days, I am extending you another fifteen (15) days to gather and respond to this letter or send confirmation that this matter is settled and closed and that this alleged debt is cancelled. Failure to verify and validate the debt within fifteen (15) days by signing the enclosed affidavit and providing the requested documentation and information that are required to actually verify the debt confirms your tacit agreement that the debt is not valid and failure to perform as requested creates the assumption that you are in total agreement with the stipulations that no further action will be taken and an absolute waiver of any right to collect the alleged debt. Your silence shall be taken as your acquiescence, therefore failure to respond will stand as your tacit agreement that the Consumer owes you nothing and that you and your company have no genuine dispute as to any of the material facts and that there is no controversy in the matter whatsoever.

I am of the understanding that a signature promising to pay on a mortgage note (promissory note) is what creates the credits as financial institutions execute loan transactions by accepting promissory notes and placing them on deposit in a consumer's account and that no funds from excess reserves or funds from your company were given or lost by way of this transaction. Furthermore, payment history, as I understand it, is simply evidence that your company continued to collect funds from the consumer due to the lack of disclosure that the consumer's signature funded the note and alleged account. In the event that you and your agency believe that payment history and the mortgage note is somehow confirmation that the debt is valid as if that means that equal or adequate consideration was given or that your company did not use the consumer's money, credit or money equivalent to fund the note, check or other instrument applicable or that your company did not receive something for nothing, please sign have an authorized officer sign the enclosed affidavit and please pay special attention to the notice below.

**NOTICE**

Page 4 of 5

Exhibit 1    page 5 of 7

THIS IS **NOT** A REQUEST FOR CONFIRMATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS. THIS IS A NOTICE THAT I, THE CONSUMER, REQUIRE PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, THAT I REQUIRE THE FULL ACCOUNTING AND ANY GAAP LEDGERS AND BOOKKEEPING ENTRIES, BALANCE SHEETS AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT/NOTE WITH A WET INK SIGNATURE IN ORDER TO PERFORM. AS I UNDERSTAND IT, ANY SUCH COPY IS NOT EVIDENCE OF AN ACTUAL OBLIGATION AND ANY COPY OF A NOTE **SENT DUE TO AN INABILITY TO LOCATE THE ORIGINAL NOTE WITH A WET INK SIGNATURE** WOULD BE A FORGERY TO THE BEST OF MY KNOWLEDGE. IF FOR SOME REASON YOU ARE OF THE UNDERSTANDING THAT YOU ARE NOT REQUIRED TO SEND ME THE ORIGINAL NOTE, PLEASE SEND YOUR PARTICULAR STATEMENT TO THE ADDRESS ABOVE.

**I am keeping a careful record of your actions, including your Method of Verification. I do not consent to e-Oscar or any means of automated verification.**

**Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal.**

Thank you for your attention to this matter.

With Peace and Honor
In Good Faith and Clean hands,

Kaltved: Jenna/Ione [Beneficiary]
Without Prejudice U.C.C. 1-308

**P.S.** Please be aware that dependent upon your response or non response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action. And/or, I will file a complaint in federal court and the CFPB.

Exhibit 1    page 6 of 7

## AFFIDAVIT OF FACTS:  VERIFICATION & VALIDATION OF DEBT

Certified mail No. 7022 2410 0002 5637 0085 RRR

**Claimant has entered an <u>AFFIDAVIT OF FACT</u> for the verification and validation of debt; AMERIHOME MORTGAGE has attempted to collect an alleged debt. If the debt is valid, an authorized officer of AMERIHOME MORTGAGE affirms the following PLAIN STATEMENT OF FACTS to be true, complete and correct.**

### PLAIN STATEMENT OF FACTS

The undersigned affiant, being duly sworn, deposes and states:

1.      That I have the requisite knowledge of the facts regarding **"AMERIHOME MORTGAGE Account No.3525292723"** including the loan agreement, account ledgers and bookkeeping entries;

2.      That **AMERIHOME MORTGAGE** does not follow Generally Accepted Accounting Principles (GAAP) or the Federal Reserve Bank's policies and procedures, and did not create credits from **JENNA KALTVED** signed receipts, promises to pay, notes, or other instruments;

3.      That **AMERIHOME MORTGAGE** used its own money, money equivalent, credit or capital, or that of other depositors, as adequate consideration to purchase the loan agreement and notes from **JENNA KALTVED**;

4.      That **AMERIHOME MORTGAGE** did not accept, receive or deposit any money, money equivalent, note, credit or capital from the **JENNA KALTVED** to fund a note, check or similar instrument that was used to finance/fund the charges on the alleged account;

5.      That **AMERIHOME MORTGAGE** incurred financial losses and has been damaged in the amount of $396,120.21 and is attempting to collect a bona fide debt arising from services provided and/or goods sold

6.  That all material facts and terms and conditions regarding the alleged account, have been disclosed to **JENNA KALTVED** in the loan agreement and promissory note;

7.  That **AMERIHOME MORTGAGE** is the holder in due course of all notes and that the notes were taken for value, in good faith, and without any notice of claims or defenses, and that any transfer of the account was made with the full knowledge and consent of all the parties;

8.  That I have personal knowledge that the loan agreement and promissory notes were not altered or forged in any way.

### ATTESTATION

The facts stated above are true, correct and complete.

Page 1 of 2

Exhibit 1  page 7of7

Signed by: _____        Subscribed and Sworn before me this_____

Day of_____, 2_____ .

The State of_____

County of_____

_____

_____

Print Name & Title                Signature of Notary

Page 2 of 2

Tracking Number:

70222410000256370085

copy    Add to Informed Delivery

*Exhibit 2 page 1 of 2*

## Latest Update

Your item was delivered to an individual at the address at 10:43 am on October 2, 2023 in THOUSAND OAKS, CA 91362.

_____

**Get More Out of USPS Tracking:**
USPS Tracking Plus®

## Delivered

Delivered, Left with Individual

THOUSAND OAKS, CA 91362
October 2, 2023, 10:43 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?**

Tracking Number:

70222410000256370085

copy    Add to Informed Delivery

0173355454 OE

*Exhibit 2*
*page 2 of 2*



**NMLS ID 135776**

October 04, 2023

Hours of Operation:
Customer Service: Monday - Friday, 8:30 a.m. to 10:00 p.m. ET
Collections Dept.: Monday - Friday, 8:00 AM to 9:00 PM ET

Douglas Kaltved
Jenna Kaltved
15581 Iodine Street Northwest
Ramsey MN 55303

Qualified Written Requests, notifications
of error, or requests for information
concerning your loan must be directed to:
PO Box 77423, Ewing, NJ 08628

RE: Loan Number: 0173355454
       Property Address: 15581 Iodine Street NW
                                 Ramsey MN 55303

Dear Customer:

Thank you for your recent communication. We will promptly review and
thoroughly research your inquiry. Once those steps have been completed a
response will be provided within thirty (30) days.

If your communication includes a request for the identity and address of
the owner of this loan, this information will be mailed to you separately
within ten (10) business days.

Should you have any questions or concerns, please contact us by calling
our direct phone number, (866) 677-8807.

Thank you,

Executive Resolution Analyst

CR044 031 AQR OE



855-501-3035
amerihome.loanadministration.com

795867 000002279 09CEN1 01064001

Exhibit 3
page 1 of 3

Plain-simple-English & Plain-Simple-Counting-Systems

Non-negotiable
Roberts rules of order apply [In plain language to aid your understanding]
CEO and or Persons with significant control

Notice to Agent is Notice to Principal and Notice to Principal is Notice to Agent
Silence is Acquiescence.

Jenna-Ione: Kaltved

Jenna Kaltved
c/o 18111 203rd Avenue North West
Big Lake, Minnesota [55309]

**To:**
Jim Furash, CEO of AMERIHOME MORTGAGE
1 Baxter Way Ste 300,
Thousand Oaks, CA 91362

12/01/2023

**Certified Mail Number No. 7022 2410 0002 5636 9942 RRR**

**RE: AMERIHOME MORTGAGE Account No. 0173355454**

**MORTGAGE FOLLOW UP LETTER**

Peaceful greetings to you , CEO of AMERIHOME MORTGAGE,

I received correspondence from your company with a copy of a contract as a response to my request that you and your company verify that this alleged debt for account number 0173355454 are valid.  Kindly cite the authority that renders a contract on its own as a document that verifies that there equal consideration and a full disclosure given to make a debt valid, as it relates to the accounting, any outstanding balance illustrating both the account receivables and account payables along with any facts and findings to support such a belief and send that particular statement to the address listed above.  It is my understanding that a copy of a contract is not at all evidence that equal consideration was given, nor is it the original that I may need for my inspection.  I require the full accounting to verify.  Including the books that would illustrate any off balance sheet bookkeeping techniques.

If it is your and/or your agency's belief that you provided equal consideration that is reflected on some document other than a bookkeeping ledger in accordance with GAAP and the matching principle, Federal Reserve

Page 1 of 3

Exhibit 3
page 2 of 3

bank's policies and procedures, proper documentation of accounts receivables, accounts payables and deposits, FR 2046, 2049, 2099 balance sheets, call schedules or any of the requested documents from the debt validation request I sent to your company, please send that particular statement to the address listed above as it would seem from your dunning letter that you and your agency do not believe you have any duty to respond with those documents or at least failed to do so.

If it is your position that you and your company did not give equal consideration, please provide any law, policy, code, regulation or cite any authority that states that it is lawful to bind someone to a contract where there has been no equal consideration.

If it is your position that your company conducted the loan transaction by accepting a promissory note from the consumer in exchange for credits on the "borrower's" transaction account and never used any of your company's reserves, and that it constitutes a deposit by the consumer, please send a statement that reflects that the consumer was given full disclosure of this fact, or send a particular statement that reflects that your company is not required to give full disclosure of all material facts to the address listed above, as it appears that you and your company are of the belief that you gave the consumer full disclosure or that you are not required to give the consumer full disclosure.

Failure to provide these requested statements will leave me with no other choice but to assume that you and your company agree that there is no authority that renders a copy of a contract as verification that a debt is valid and lawful, that the consumer did make a deposit, that you do not agree that your company is not required to give full disclosure, that you agree that your company is required to give full disclosure and equal consideration, that you agree that no equal consideration was given and that you do agree that you or an agent with the authority to bind the company do have a duty to respond. Please send the requested documents within ten (10) days of your receipt of this letter.

## NOTICE OF INTENT

If I do not get a response with the requested statements and/or any statements and proof justifying your actions and failure/refusal to perform and supporting your opinions, or I do not get the requested documents mentioned in the **NOTICE OF CONDITIONAL ACCEPTANCE AND OFFER TO PERFORM**, I intend to file suit and utilize the discovery tools to obtain these requested documents along with specific balance sheets and expert witnesses to explain the ledgers and procedures and policies and any securitization trails and other documents that will be presented in discovery.

Exhibit 3
page 3 of 3

As always I intend to settle my affairs with peace and honor and with good faith and clean hands. I simply want to be certain that the debt is valid and upon the condition that I receive this assurance by the requested documents I will be more than happy and willing and ready to satisfy the obligation. I require certainty, and will not just bend to the will or subject myself to an unsubstantiated opinion or any intimidation tactics, if used, to sway me into participating in something I did not have full disclosure on and where the parties in interest did not have a meeting of the minds as per the laws of the natural balanced universe and our American Jurisprudence.

Thank you for your attention to this matter
Kind Regards,

Jenna-Ione: Kaltved

Exhibit 4

page 1 of 3

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *M. Tidwell*  ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*  C. Date of Delivery<br>M. Tidwell  12/6/23 |
| 1. Article Addressed to:<br><br>Jim Furash, CEO of Amerihome<br>1 Baxter Way Ste 300 Mortgage<br>Thousand Oaks, CA 91362 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 7969 2305 7762 23

| 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
|---|---|

2. Article Number *(Transfer from service label)*

7022 2410 0002 5636 9942

Mail Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

*Exhibit 4*

*page 2 of 3*

Certified Mail Number No. 7022 2410 0002 5636 9942 RRR

## CERTIFICATE OF SERVICE

State of Minnesota

County of Sherburne

On the date: __December__ __1__, 2023 (12/ 1 /2023) I mailed, for Jenna Kaltved, one copy of the papers identified as:

- MORTGAGE FOLLOW UP LETTER (3 pages)

A total of seven (3) pages (not including this Certificate of Service) and all attachments by United States Postal Services certified mail # 7022 2410 0002 5636 9942 US, Return Receipt Requested in sealed envelope with package pre-paid and properly addressed to CEO of Jim Furash, CEO of AMERIHOME MORTGAGE:

AMERIHOME MORTGAGE
1 Baxter Way Ste 300,
Thousand Oaks, CA 91362

I am over the age of 18 and not a party to the transaction involving the papers I mailed. I declare under penalties of perjury under the laws of the State of Minnesota that the above is true, correct, and complete, and that this Certificate of Service was executed __December__ __1__, 2023.

Print Name: __Robert D. Wagner__

Signature: __Robert Wr__

Notary Public

18111 203rd Ave Northwest

Big Lake, MN 55309

Notary Public in and for said State of Minnesota

My Commission Expires __1-31-2028__

**AmeriHome**
mortgage

NMLS ID 135776

*Exhibit 4*
*page 3of3*

December 08, 2023

Hours of Operation:
Customer Service: Monday - Friday, 8:30 a.m. to 10:00 p.m. ET
Collections Dept.: Monday - Friday, 8:00 AM to 9:00 PM ET

Douglas Kaltved
Jenna Kaltved
15581 Iodine Street Northwest
Ramsey MN 55303

Qualified Written Requests, notifications
of error, or requests for information
concerning your loan must be directed to:
PO Box 77423, Ewing, NJ 08628

RE: Loan Number: 0173355454
    Property Address: 15581 Iodine Street NW
                      Ramsey MN 55303

Dear Customer:

Thank you for your recent communication. We will promptly review and
thoroughly research your inquiry. Once those steps have been completed a
response will be provided within thirty (30) days.

If your communication includes a request for the identity and address of
the owner of this loan, this information will be mailed to you separately
within ten (10) business days.

Should you have any questions or concerns, please contact us by calling
our direct phone number, (866) 677-8807.

Thank you,

Executive Resolution Analyst

CR044 031 4RP OE



855-501-3035
amerihome.loanadministration.com

811385 000001218 09CEN1 01064001