## UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA

Jenna Kaltved and Douglas Kaltved, Plaintiffs,

v.

Brad Wise et al., Defendants.

Case No. 0:25-cv-04755-NEB-JFD

## PLAINTIFFS' SUR-REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (Docket 64)

Plaintiffs Jenna Kaltved and Douglas Kaltved, pro se, submit this limited sur-reply to address new arguments raised in Defendants' opposition (Docket 64) and supplement the record with evidence of imminent harm, coordinated procedural efforts rather than substantive defense, and the pattern of avoiding merits rebuttal.

Plaintiffs' pro se pleadings are held to less stringent standards than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); see also Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (applying liberal construction to pro se filings)—binding precedent requiring this Court to construe Plaintiffs' filings accordingly.

1. Defendants claim no imminent harm justifying injunctive relief, asserting that "the absence of a pending eviction prevents the Kaltveds from demonstrating the alleged harm associated with any eviction is imminent" (Docket 64, p. 1). This is contradicted by the record: Based on Plaintiff's direct participation as an attendee, at the February 18, 2026 state-court eviction hearing in Anoka County Case No. 02-CV-26-1047, counsel Kevin Dobie (representing Plaintiff Federal National Mortgage Association (Fannie Mae) at the hearing) stated on the record that Fannie Mae intended to seek relief from the automatic stay in Debtor Jenna Kaltved's bankruptcy case (Case No. 26-40537). This occurred despite prior written notice of the federal case and applicable tenant protections via ECF 37 attachments (faxes to Dobie on February 4 and 7, 2026).

2. On March 5, 2026, Plaintiff emailed counsel Santos (Exhibit Y — email chain) asking if Defendants intend to file for stay relief (§ 362(d)) and when. Santos responded verbatim: "Our firm has not been retained to represent any of the parties you have identified below in connection with the bankruptcy case." This non-responsive answer dodges the substantive question of stay-relief intent, despite her firm's representation of Defendant Federal National Mortgage Association (Fannie Mae) in this federal action and her assertion in the opposition that "the automatic stay prevented (and continues to prevent) the eviction hearing from completing" (Docket 64, p. 1).

3. Defendants' opposition memorandum (Docket 64) devotes zero pages to addressing the substantive defects raised in the Complaint and Opposition to MTD: 22-month gap in chain of title (Exhibit F), no consideration at origination (Exhibit S – $0 funds), dormant and unlicensed originator (Exhibits T/U), suspicious timing of the October 11, 2023 assignment after Plaintiff's validation demand, lack of proof of Person Entitled to Enforce status under UCC § 3-301 (Laws 1992 ch. 565 § 3; amended 2023 ch. 57 art. 1 § 1), refusal to provide accounting under UCC § 9-210 (Laws 2000 ch. 399 art. 1 § 21; amended 2023 ch. 57 art. 1 § 1), and invalid Power of Attorney (Exhibit H). This complete silence on the core defects is itself evidence that Defendants are unable to substantively defend the validity of their claimed interest in the Property, underscoring their lack of a substantive defense to the defects rendering the sale void under controlling Minnesota law.

4. Defendants assert in their opposition memorandum (Docket 64) that "Plaintiffs fail to demonstrate a likelihood of success on the merits." However, Defendants devote zero pages—and provide zero evidence or argument—to rebutting any of the substantive defects identified above. The table below illustrates this complete absence:

| Issue / Defense | Pages Dedicated | Approximate Word Count | Substantive Response to Defect? |
|---|---|---|---|
| Anti-Injunction Act (§ 2283) | ~6 pages | ~1,500–1,800 words | N/A |
| Res Judicata (all 4 prongs) | ~4–5 pages | ~1,200–1,500 words | None |
| Bankruptcy Stay Eliminates Harm | ~1–2 pages | ~400–600 words | N/A |
| Balance of Equities & Public Interest | ~1 page | ~200–300 words | None |
| No Consideration ($0 funds – Exhibit S) | 0 pages | 0 words | None |
| Dormant / Unlicensed Originator (T/U) | 0 pages | 0 words | None |
| 22-Month Gap in Chain (Exhibit F) | 0 pages | 0 words | None |

Plaintiffs' Sur-Reply to Opposition of TRO/PI          Page 2

| Issue / Defense | Pages Dedicated | Approximate Word Count | Substantive Response to Defect? |
| --- | --- | --- | --- |
| Suspicious Timing of Oct 11 Assignment | 0 pages | 0 words | None |
| No PETE Status (UCC § 3-301) | 0 pages | 0 words | None |
| Refusal to Provide Accounting (UCC § 9-210) | 0 pages | 0 words | None |
| Invalid / Unauthorized POA (Exhibit H) | 0 pages | 0 words | None |

5. Because Defendants offer no response to these core defects, and Plaintiffs' pro se pleadings receive liberal construction (Haines v. Kerner, 404 U.S. 519, 520 (1972)), Plaintiffs demonstrate substantial likelihood of success on the merits of the claims that the foreclosure sale is void under Minn. Stat. § 580.02 (strict compliance required; defects void sale) (Winter factor #1).

6. The bankruptcy stay proves irreparable harm existed prior to filing—it is temporary and can be lifted under § 362(d). Without TRO/PI, loss of homestead will occur if stay is lifted. The stay itself underscores the imminent risk.

7. Subsequent to the initial opposition (Docket 64), additional parties including Cenlar and Webb have joined or supported the opposition. On the same day Plaintiffs filed the adversary complaint in bankruptcy challenging lien validity (3/10/2026), FNMA filed a 61-page motion for relief from stay as Document #31 in the bankruptcy case (Case No. 26-40537). This coordinated timing further evidences Defendants' intent to lift the stay and resume eviction proceedings as soon as possible.

8. The Anti-Injunction Act (28 U.S.C. § 2283) does not bar relief as to Plaintiffs' § 1983 claims. The Supreme Court held in Mitchum v. Foster, 407 U.S. 225 (1972), that 42 U.S.C. § 1983 is an "expressly authorized" exception because it authorizes suits in equity to redress deprivations under color of state law of federal rights. Enjoining enforcement of the allegedly void July 1, 2025 sale by sheriff defendants is necessary to protect this Court's jurisdiction over Plaintiffs' § 1983 due process claims and eventual quiet-title judgment.

9. Res judicata does not apply. Claims cannot be considered the same cause of action if the right to assert the second claim did not arise at the same time as the first (Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004) (Minnesota Supreme Court)—binding precedent). Post-sale voidness and accounting rights under UCC § 9-210 and Minn. Stat. § 580.02 only arose after July 1, 2025, rendering claims different (prong #1 failure) with no final judgment on the merits (prong #3 failure).

10. The 2024 dismissal memorandum confirms no final judgment on the merits. The court dismissed solely for lack of standing/injury pre-sale: "A plaintiff may have standing in two ways: either the plaintiff has suffered some 'injury-in-fact', or the plaintiff is the beneficiary of some legislative enactment granting standing… To demonstrate an 'injury-in-fact,' the plaintiff must show 'a concrete and particularized invasion of a legally protected interest.'" (p. 2). It further found: "The extent of the injuries Plaintiff alleges she has suffered are 'potential negative credit consequences,' and that 'Defendant's actions have caused uncertainty of the true nature of the transaction, negatively impacting the Plaintiff.' These are not cognizable injuries; the alleged harm is too remote and broadly defined." (p. 5). The dismissal was based on the legal conclusion that "show-me-the-note" claims are invalid under Jackson v. Mortgage Electronic Registration Systems, Inc., 770 N.W.2d 487 (Minn. 2009) — not on any factual finding or merits adjudication of the loan chain, consideration, or PETE status (p. 5). And: "Plaintiff was not a party to the contract between Defendant and Onward Financing and thus cannot challenge it for lack of consideration… The parties were never in privity of contract as evidenced by Exhibit 1." (p. 7). This procedural dismissal (no concrete injury pre-sale, no privity to the specific contract) means res judicata prong #3 fails—no final judgment on the merits.

11. Defendants' reply (Docket #90, p. 1) mischaracterizes post-sale voidness as "same issue" as 2024 pre-sale standing. New injury from the July 1, 2025 sale defects ($0 Exhibit S, gap Exhibit F, dormant originator T/U, invalid POA H) arose after the 2024 dismissal. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001)—binding—holds that a pleadings-stage dismissal narrowly precludes only issues actually decided and does not bar new post-event claims or injuries.

12. Docket #90 (p. 2) claims the 2024 court "found AmeriHome valid assignee entitled to enforce" via judicial notice. That dismissal was at the pleading stage with no discovery or merits adjudication. Judicial notice was limited to undisputed public records (Minn. R. Evid. 201). Preclusion requires the issue to have been "actually litigated" (Pope v. Fed. Home Loan Mortg. Corp., 561 F. App'x 569, 571 (8th Cir. 2014)—binding).

13. Docket #90 (p. 3-4) asserts "Fannie Mae as the equitable owner of the debt." This is unsubstantiated hearsay offered without any supporting evidence or foundation (Minn. R. Evid. 801(c)). Privity arguments also fail—Douglas Kaltved was not a party to the 2024

action and new defendants had no control or representation in that case (Taylor v. Sturgell, 553 U.S. 880 (2008)—binding).

14. Docket #90 (p. 4-5) claims the dismissal for failure to state a claim is "irrelevant to... full and fair opportunity." This misquotes the factors. Anderson v. City of St. Paul, 849 F.3d 773, 779 (8th Cir. 2017)—binding—expressly includes "significant procedural limitations" (such as no discovery and a pre-sale dismissal) as relevant to whether full opportunity existed. Hauschildt v. Beckingham, 686 N.W.2d 829 (Minn. 2004)—binding—confirms that res judicata requires a full and fair opportunity, which was absent here.

15. Docket #90 fails to rebut any of the substantive defects or overcome the res judicata barriers created by new post-sale injuries and claims.

These facts demonstrate a substantial likelihood of success on the merits, imminent irreparable harm (loss of the homestead if the stay is lifted), and that the balance of equities and public interest favor granting the TRO/PI to preserve the status quo and any remaining redemption period under Minn. Stat. § 580.23.

AFFIDAVIT OF JENNA IONE KALTVED

I, Jenna Ione Kaltved, Affiant, declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing is true and correct to the best of my knowledge. Executed on March 17, 2026.

Jenna Ione Kaltved, Affiant, Pro Se

Plaintiffs respectfully request that the Court grant the TRO/PI, preserve the status quo, toll any remaining redemption period under Minn. Stat. § 580.23 pending resolution (Fed. R. Civ. P. 65), and deny Defendants' Motion to Dismiss.

Dated: March 17, 2026

Douglas Kaltved

Jenna Kaltved

**Certificate of Service**

I certify that on March 17, 2026, this sur-reply was filed via CM/ECF, serving all registered participants.

Jenna Kaltved