**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

Douglas Kaltved and Jenna Kaltved,

       Plaintiffs,

      v.                             Case Number: 0:25-cv-04755-NEB-JFD

Brad Wise, et al.,

       Defendants.

_____

**DEFENDANT MACKENZIE EICHEN'S MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION TO DISMISS**

_____

Defendant Mackenzie Eichen ("Defendant Eichen") submits this memorandum of law in support of his Motion to Dismiss Plaintiffs' Complaint.

## <u>INTRODUCTION</u>

This is a case of the Plaintiffs attempting to take multiple bites at the legal apple to prevent a foreclosure in the State of Minnesota of their property. Plaintiffs got many facts wrong in their Complaint, including that Defendant Eichen is a resident of California (he is a resident of the State of Florida) and that he is an employee of AmeriHome. Defendant Eichen is an employee of Nationwide Title Clearing, LLC. Plaintiffs have been sloppy in their efforts to litigate against anyone and everyone who possibly could have had anything to do with their foreclosure.

This litigation is a clear attempt to forum shop and "try again" to stop the foreclosure of the property at 15581 Iodine Street NW, Ramsey, Minnesota ("Property").

Plaintiffs here are attempting to challenge the validity of their mortgage, the assignment of the loan, and the foreclosure of the lien on their property.

The doctrine of Res Judicata bars this action as it has already been litigated and decided in the State of Minnesota District Court. Res Judicata applies where a prior action involved the same nucleus of operative facts, the same parties or their privities, a final judgment occurred and there was a full and fair opportunity to litigate.

Additionally, the Federal District of Minnesota has found that Plaintiffs generally lack standing to contest assignment of a Mortgage, as they are not parties to the assignment and any dispute would be between the assignor and the assignee. (See *Sovis v. Bank of New York Mellon*, No. 11–2253, 2012 WL 733758, at *5 (D.Minn. Mar. 6, 2012))

Plaintiffs futile attempt to forum shop and find a different place to litigate a dispute that was long settled.[1] It is appropriate that this Court dismiss the Complaint of the Plaintiff with prejudice for failure to state a claim upon which relief may be granted.

### BACKGROUND

According to the Complaint, in September 2023, Jenna Kaltved sent a debt-validation letter demanding that AmeriHome provide the original "wet-ink" note, other documentation, and "proof of consideration." (Compl. ¶ 29, Ex. E.) On November 7, 2023, AmeriHome responded, identifying Federal National Mortgage Association (Fannie Mae) as the owner/investor, AmeriHome as the mortgage servicer, and an itemization of

---

[1] Note that besides the State Court Foreclosure action (See 02-CV-24-1270), the Plaintiffs are also attacking and litigating the foreclosure in a Chapter 13 Bankruptcy case currently. Defendant is not referencing this as it is not a party(or creditor) in the Chapter 13 case or adversary proceeding.

the amounts due and owing. (Compl. ¶ 34, Ex. G.) Additionally, AmeriHome provided copies of the note, mortgage, assignment, and transaction histories. (*Id.*) On December 1, 2023, Jenna Kaltved confirmed receipt in a letter, stating that it is her "understanding that a copy of a contract is not at all evidence that equal consideration was given, nor is it the original that I may need for my inspection." (Compl., Ex. E.) This is the theory that forms the basis of Plaintiffs' claims in both this lawsuit and the prior state court lawsuit.

On March 13, 2024, Jenna Kaltved filed a lawsuit against AmeriHome in Anoka County District Court: *Kaltved v. Amer/Home Mortgage Company, LLC*, Case Number 02-CV-24-1270.[1] There, she alleged she sent AmeriHome a debt validation demand in September 2023 "request[ing] comprehensive loan and account information, focusing on the origin, ownership, authenticity, and accuracy of the alleged debt." (*See* Ex. 1 (State Ct. Comp.) ¶¶ 8-10, 13, 17-18.) She claimed that AmeriHome "failed to provide full disclosure and verification of the alleged loan," which "created uncertainty about the true nature of the transaction, including its authenticity, ownership, and the consideration provided" by AmeriHome which "also indicated an inability to establish the loan/debt's validity, rightful ownership, and holder-in-due-course status." (*Id.* ¶¶ 17-18.) The Complaint requested judgment declaring "the alleged debt is not owed and is unenforceable and ordering AmeriHome to "transfer the certificate of title to the property" and to "relinquish any other rights, liens, or claims over the property." (*Id.* at 7.)

On September 4, 2024, the state court dismissed all claims with prejudice. (Ex. 2 (Order).) The state court's order explained that all of the claims "stem from a perceived

right to demand information and desire to call into question the debt's validity." (*Id.* at 5-6.) The court noted that Jenna Kaltved's demand for the original "wet ink" note and claim that AmeriHome did not verify the validity, origin, and ownership of the debt as an attempt to proceed "under the exact 'show-me-the-note' reasoning that has been resoundingly rejected by the courts." (*Id.* at 5.) The court rejected Plaintiff's theory and dismissed all of the claims with prejudice. (*Id.*)

## **STANDARD OF REVIEW**

To survive dismissal under Rule 12(b)(6), the complaint must state a claim upon which relief can be granted and include allegations that establish a plausible right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While reasonable inferences must be drawn in favor of the party asserting a claim, legal conclusions presented as factual allegations must be disregarded. *Kelly v. City of Omaha*, 813 F.3d 1070 (8th Cir. 2016); *Iqbal*, 556 U.S. at 678. A plaintiff's factual assertions must "raise a right to relief above the speculative level" and move the claim "across the line from conceivable to plausible." *Yang v. City of Minneapolis*, 607 F. Supp. 3d 880, 889–90 (D. Minn. 2022) (quoting *Twombly*, 550 U.S. at 555). That is, the complaint must allege more than just a "sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). A claim is considered facially plausible when the plaintiff provides "factual content" that allows the court to *reasonably* infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Iqbal*, 556 U.S. at 678). On the other hand, if a complaint only alleges facts that are "merely consistent with" a defendant's liability, it "stops short of the

4

line between possibility and plausibility of entitlement to relief." *Id.* (internal citations omitted).

While *pro se* complaints are to be construed liberally, they "still must allege sufficient facts to support the claims advanced." *Knapp v. Wings Credit Union*, No. CV 24-434 (DWF/ECW), 2024 WL 4774537, at *2 (D. Minn. Nov. 8, 2024), *aff'd*, No. 24-3359, 2025 WL 837911 (8th Cir. Mar. 18, 2025). The Court "is under no obligation to repeatedly accept baseless filings. *Id.* While courts primarily consider the allegations in the complaint when determining whether to grant a motion to dismiss, they may take judicial notice proceedings in other courts if they are relevant. *See Conforti v. United States,* 74 F.3d 838, 840 (8th Cir. 1996) ("We have held that 'federal courts may *sua sponte* take judicial notice of proceedings in other courts if they relate directly to the matters at issue.'") (internal citation omitted); *see also Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (noting that courts may take judicial notice of public records in consideration of a motion to dismiss). The affirmative defense of res judicata may be raised on a motion to dismiss if the applicability of the defense is "apparent on the face of the complaint." *Magee v. Hamline Univ.*, 1 F.Supp.3d 967, 972 (D. Minn. 2014) (quoting *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012)). The "face of the complaint" may include public records, prior court orders, and judgments embraced by the complaint. *Id.* at 972-73 (quoting *C.H. Robinson*, 695 F.3d at 764).

5

## **ARGUMENT**

### I.  Res Judica precludes the Plaintiffs claims

"Res Judica precludes parties from raising subsequent claims in a second action when: (1) the earlier claim involved the same set of factual circumstances, (2) the earlier claim involved the same parties or their privities; (3) there was a final judgment on the merits, (4) the estopped party had a full and fair opportunity to litigate the matter." (See *Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 220 (Minn. 2007) "Res Judica applies equally to claims litigated and to claims that could have been litigated in the earlier action." (See *Brown-Wilbert, Inc.*, 732 N.W.2d at 220) "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata'". (See *Magee* 1 F. Supp. 3d at 973)

In both the state court lawsuit and this lawsuit there is a nexus of similar factual patterns. In both cases, the Plaintiffs are attempting to challenge a foreclosure action for the same Property (and actually the same Foreclosure). Nothing has changed from the state court action, other than the Plaintiffs lost and are attempting to seek a different outcome in a different forum. Plaintiffs would like the Court to believe that this is a different case because they raise different legal theories. This is incorrect, Plaintiffs raised the concept of demanding proof of mortgage and validity of the mortgage in the state action. (See State Court Order pg 5-6, **Exhibit A**) The Plaintiffs simply want a Court, this Court, to end the foreclosure and give them title to the property. This was already litigated in the state action.

In addition to the state action being about the same legal concepts and about the same facts as well as seeking the same overall relief, the parties in the state action have the same privity with the parties in this action. "Privity expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties". (See *Welk v. Fannie Mae*, 561 Fed. App. 577, 579 (8th Cir. 2014) (quoting *Rucker v. Schmidt*, 794 N.W.2d 114, 118 (Minn. 2011)) "Those in privity would include, according to the Restatements, 'those who control an action although not parties to it; those whose interests are represented by a party to the action; successors in interest to those having derivative claims'" (See *Margo-Kraft Distributors, Inc. v. Minneapolis Gas Co*., 200 N.W.2d 45, 47 (1972))

Collateral estoppel, also called issue preclusion, applies to specific issues that have previously been adjudicated (See *Mach v. Wells Concrete Products Co*., 866 N.W.2d 921 (2015)). Under this doctrine, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case (See *Mach v. Wells Concrete Products Co*., 866 N.W.2d 921 (2015). Collateral estoppel prevents a party from relitigating issues actually litigated and necessarily determined in a prior lawsuit (See *Loo v. Loo*, 520 N.W.2d 740 (1994)). Minnesota courts recognize that these doctrines are sometimes used interchangeably in practice, even though each doctrine has a distinct effect (See *Mach v. Wells Concrete Products Co*., 866 N.W.2d 921 (2015). "Although some jurisdictions require 'mutuality' of parties in cases involving previously determined litigation as a

7

predicate to the invocation of collateral estoppel, Minnesota does not." (See *Aufderfar v. Data Dispatch, Inc.*, 452 N.W.2d 648, 650 (Minn.1990)). Even though a defendant in a proceeding before the court was not a party to the earlier proceeding, Minnesota permits a defendant to invoke collateral estoppel in subsequent litigation commenced by a plaintiff who also had been the claimant in the earlier proceeding, provided the four requirements are established (See *Aufderhar v. Data Dispatch, Inc.*, 452 N.W.2d 648 (1990)). In this case Defendant Eichen was not included in the original state action, because Defendant Eichen had no interest in the Property, but because the issue being raised is the same (as well as the remedy) the Plaintiffs are precluded by collateral estoppel from bringing their case against Defendant Eichen. There is no question as to privity on the Plaintiff side of the litigation. Ms. Jenna Kaltved was a party in both the state action as well as this litigation. Minnesota Courts have held that married spouses who own property are in privity when one sues or is sued regarding the property. (See *Deli v. Hasselmo*, 542 N.W.2d 649, 657-58 (Minn. Ct. App. 1996))

The order in the state action was a final determination. (See State Court Order pg 1, **Exhibit A**) A dismissal for failure to state a claim upon which can be granted is an adjudication on the merits under Minnesota law. (See *Hintz v. JP Morgan Chase Bank, N.A.*, 686 F.3d. 505, 509 (8th Cir 2012)) Under federal law, the Supreme Court established in *Federated Department Stores v. Moitie* that "The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394 (1981). Minnesota law treats judgments as final when entered in the district court, and they remain final despite pending appeals "until it

8

is reversed, vacated or otherwise modified" (See *Brown-Wilbert, Inc. v. Copeland Buhl & Co.*, P.L.L.P., 732 N.W.2d 209 (2007)). The Eighth Circuit has established a rule in *United States v. Maull*, "a dismissal for failure to state a claim is a final judgment on the merits for res judicata purposes unless the plaintiff is granted leave to amend or the dismissal is reversed on appeal" (See *U.S. v. Maull*, 855 F.2d 514 (1988)). There is no dispute that the Plaintiffs in the state action had their litigation dismissed for a failure to state a claim, and there should be no dispute that under both Minnesota and Federal law this is a final determination of the legal issues regarding the foreclosure of the Property in this case.

The Eighth Circuit has stated that the "full and fair opportunity" standard means that the prior proceeding "must follow the requirements of the Due Process Clause of the Fourteenth Amendment" (See *Butler v. City of North Little Rock, Ark.,* 980 F.2d 501 (1992). The Eighth Circuit has also said that in looking at if there is a full and fair opportunity, the focus is if there were procedural limitations on the prior proceeding. (See *Anderson v. City of St. Paul*, 849 F.3d. 773, 779 (8th Cir. 2017)) The Plaintiffs did not face any impediments in their state court action and did not plead as though they did. Simply put, the Plaintiffs are not litigating because the State of Minnesota failed to provide them with a fair judicial outcome, rather they are litigating because they did not like the result. Plaintiffs in their state court action were provided a full and fair opportunity to challenge their issues.

**II. Plaintiffs have no Standing to challenge the Assignment of the Mortgage**

This Court has held many times in the past that Plaintiffs do not have Standing to challenge the assignment of a Mortgage. (See *Novak v. JP Morgan Chase Bank, N.A.*, No. 12–0589, 2012 WL 3638513, at *6 (D.Minn. Aug. 23, 2012)) This Court indicated that any loss of a home due to a foreclosure is not traceable to the assignment of the Mortgage. (See *Sovis v. Bank of New York Mellon*, No. 11–2253, 2012 WL 733758, at *5 (D.Minn. Mar. 6, 2012)) Furthermore, this Court has found that a loss of a home due to foreclosure, does not create any injury from assignment of the Mortgage. (See *Gerlich v. Countrywide Home Loans, Inc.*, No. 10–4520, 2011 WL 3920235, at *2 (D.Minn. Sept. 7, 2011) Defendant Eichen has never met or spoken with either of the Plaintiffs. Defendant Eichen never entered into a contract with Plaintiffs or had any duty to the Plaintiffs. There is no privity between Defendant Eichen and the Plaintiffs. An action for fraud or malfeasance in assignment is an action between the assignor and the assignee (to which the Plaintiffs were neither in the Foreclosure of the Property). Others have attempted to stop their Foreclosure by suing everything they could think of, but this Court has made it clear, there is no Standing for Plaintiffs to sue based on an assignment in a Mortgage Foreclosure action.

## PRAYER

Wherefore, Defendant Eichen requests that this Court dismiss the Plaintiffs' claims with prejudice and grant any all further relief to which he is entitled to.

**MEAGHER + GEER, P.L.L.P**

Dated: April 2, 2026

By:   s/ Brian A. Gravely
       Brian A. Gravely (#0336749)
       33 South Sixth Street, Ste 4300
       Minneapolis, MN 55402
       Telephone (612) 347-9180
       Facsimile (612) 338-8384
       bgravely@meagher.com
       *Attorney for Defendant*
       *Mackenzie Eichen*