UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas Kaltved and Jenna Kaltved, | Court File No.  25-cv-4755 (NEB/JFD) |
| Plaintiff, | |
| v. | **WILFORD, GESKE & COOK, P.A.'S MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** |
| Brad Wise, et al., | |
| Defendant. | |

## INTRODUCTION

Defendant Wilford, Geske, & Cook, P.A. ("Defendant"), submits this memorandum in support of its motion under Fed. R. Civ. P. 12(c) for judgment on the pleadings. Defendant seeks dismissal with prejudice of all claims made against it in the Complaint of Plaintiffs Douglas and Jenna Kaltved ("Plaintiffs") including claims for a Fair Debt Collection Practices Act ("FDCPA") violation and a 42 U.S.C. § 1983 violation. The basis for the motion is that (1) the Complaint is barred by collateral estoppel and (2) it does not plausibly plead these claims.

## FACTS

### A.     Prior Litigation: Anoka County District Court File 02-CV-24-1270[1]

---

[1] In addition to considering the complaint in its entirety, courts must also consider other sources they ordinarily examine when ruling on a motion to dismiss, such as documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may take judicial notice of public records on a motion to dismiss, including state court records, without automatically turning the motion to dismiss into a motion for summary judgment. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

In March of 2024, Plaintiff Jenna Kaltved filed a complaint in Anoka County District Court against AmeriHome Mortgage Company, LLC ("AmeriHome") alleging breach of implied covenant of good faith and fair dealing, breach of implied contract from acquiescence, lack of consideration, failure to prove bona fide loss, lack of bonafide holder status, unfair business practices, and estoppel. (Seavey Dec. Ex. 1).

In May of 2024, AmeriHome filed a motion to dismiss Plaintiff Jenna Kaltved's complaint. (Seavey Dec. Ex. 2). On May 9, 2024, the Anoka County District Court granted AmeriHome's motion to dismiss and dismissed Plaintiff Jenna Kaltved's complaint with prejudice. (Seavey Dec. Ex. 3). The Anoka County District Court in its memorandum cited *Jackson v. Mortgage Electronic Registration Systems, Inc.*, 770 N.W. 2d 487 (Minn. 2009) which rejected the "show-me-the-note" argument, which is when a plaintiff argues that because the entity that holds their mortgage is not the same as the entity that holds their note, the mortgage on the home or the foreclosure of that mortgage is invalid. *Id.*

The Anoka County District Court held that Plaintiff's show-me-the-note claim had been resoundingly rejected by Minnesota courts. *Id*. The Anoka County District Court found that Plaintiff Jenna Kaltved's complaint and allegations therein fell under the show-me-the-note theory of relief in which Plaintiff Jenna Kaltved requested the "complete original agreement/note with a wet ink signature in order to perform… and any copy of a note sent due to an inability to located the original noted with a wet ink signature would be a forgery." *Id*. The Anoka County District Court stated that each of Plaintiff Jenna Kaltved's claims stemmed "from a perceived right to demand information and desire to

call into question the debt's validity." *Id*. The Anoka County District Court dismissed Plaintiff Jenna Kaltved's complaint with prejudice. *Id*.

### B.        Plaintiffs' property is sold at foreclosure sale.

On May 19, 2025, Plaintiffs were served with notice informing them the property was scheduled to be sold at foreclosure sale on July 1, 2025. (Compl. Ex. I). Plaintiff Jenna Kaltved then faxed ServiceMac, LLC ("ServiceMac") a document "asserting lack of standing to foreclose and demand zero balance confirmation, lien release, original note, and chain of title." (Comp. ¶ 9 & Ex. K). ServiceMac responded by letter dated June 27, 2025, confirming the July 1, 2025, sale date and provided copies of a complete transaction history, note, mortgage, escrow statements, notice of servicing transfer, and most recent mortgage statement. (Compl. ¶ 41 & Ex. N). Plaintiffs assert ServiceMac's response does not constitute the "validation" requested. (Compl. ¶ 41).

On July 1, 2025, the sheriff's office conducted a foreclosure sale and sold the property to AmeriHome for $342,100.00. (Compl. ¶ 2, Ex. I). On July 24, 2025, AmeriHome assigned the sheriff's certificate of sale to Federal National Mortgage Association ("Fannie Mae"). (Compl. ¶ 43, Ex. J).

### C.        The Complaint.[2]

On December 23, 2025, Plaintiffs filed this lawsuit against Defendants alleging violation of the FDCPA and conspiracy to deprive constitutional rights under 42 U.S.C. §

---

[2] The facts recited in subsection C are taken from the Complaint; their truth may not be assumed except in accordance with the standard of review applicable to this motion.

1983. Plaintiffs allege their "injuries are fairly traceable to Defendants' conduct: the separation of the note from the mortgage, the false assignment recorded October 11, 2023, the false Power of Attorney, and the void sheriff's sale on July 1, 2025." (Compl. ¶ 18). Plaintiffs allege "A favorable decision quieting title and declaring the sale void will fully redress these injuries by restoring Claimants' ownership and possession of the property and awarding damages." (Compl. ¶ 19). Plaintiffs further allege that "the entire non-judicial foreclosure process and sheriff's sale are void for lack of standing because no Defendant has ever proven it is the holder of the promissory note under Minn. Stat. 336.3-301, nor have they shown they loaned actual funds to Homeowners." (Compl. ¶ 20). Plaintiffs' allegations in this lawsuit are based on the same show-me-the-note argument which was rejected by the Anoka County District Court.

### STANDARD OF REVIEW

The Federal Rules of Civil Procedure state that "[a]fter the pleadings are closed-- but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[W]ell-pleaded facts, not legal theories or conclusions, determine [the] adequacy of [t]he complaint." *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (citing *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003)). Courts have established "[w]hen ruling on a motion to dismiss under Rules 12 (b)(6) or 12(c), a district court generally may not consider materials outside the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). When considering the relevant materials, "[j]udgment on the pleadings is appropriate where no material issue of fact remains to be resolved and

4

the movant is entitled to judgment as a matter of law." *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002) (citing *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)).

Courts address a motion for judgment on the pleadings by "the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, the pleaded facts warrant judgment on the pleadings.

## ARGUMENT

### I. THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS AGAINST DEFENDANT BECAUSE THEY ARE BARRED BY COLLATERAL ESTOPPEL.

"The Full Faith and Credit Act mandates that the 'judicial proceedings' of any State 'shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken.'" *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 372 (1996) (quoting 28 U.S.C. § 1738). "The Act thus directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state. Federal courts may not 'employ their own rules ... in determining the effect of state judgments,' but must 'accept the rules chosen by the State from which the judgment is taken.'" *Id.* (quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481–482 (1982)). Thus, Minnesota law governs the collateral estoppel effect of judgments issued by the courts of Minnesota.

5

Applying Minnesota law, "[c]ollateral estoppel bars the relitigation of an issue when: (1) the issue is identical to one in a prior adjudication; (2) there was a final judgment on the merits in the prior proceeding; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue." *Barth v. Stenwick*, 761 N.W.2d 502, 508 (Minn. App. 2009); *see also Mach v. Wells Concrete Products Co.*, 866 N.W.2d 921, 925 (Minn. 2015). All four elements are met in this action.

First, Plaintiffs are making the same argument here that they made in the Anoka County District Court, namely that because their mortgage is not held by the same entity that holds their note, the mortgage on the home, and now, the foreclosure of that mortgage is invalid. Plaintiffs' Complaint attempts to preemptively respond to Defendant's collateral estoppel argument. Paragraph 49 of the Complaint alleges "The 2024 lawsuit challenged pre-foreclosure conduct (debt validation and servicing violations) but did not address the July 1, 2025 sheriff's sale or FNMA's assignment. The sale are subsequent events are new facts and injuries giving rise to new claims not litigation or decided in the 2024 action."

"The Eighth Circuit 'has adopted the position of the Restatement (Second) of Judgments in determining whether two causes of action are the same for res judicata purposes.'" *Magee v. Hamline Univ.*, 1 F. Supp.3d 967, 974 (D. Minn. 2014) (quoting *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990)). "'[U]nder this approach a claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim.'" *Id*. "Whether the legal theories asserted in the two causes of actions differ is 'relatively insignificant because a litigant cannot attempt to relitigate the same claim under

a different legal theory of recovery.'" *Magee*, 1 F. Supp.3d at 974 (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 674 (8th Cir. 1998)). Here, while the alleged wrongful foreclosure occurred after the Anoka County District Court litigation, the alleged wrongful foreclosure is based on the same show-me-the-note theory as was rejected by the Anoka County District Court. Therefore, the issues in the Anoka County District Court litigation and this litigation are the same.

Second, the state court rejected this argument and issued a final judgment on September 4, 2024, granting AmerHome's motion to dismiss the complaint "for failing to state a claim on which relief can be granted" and dismissed Plaintiff Jenna Kaltved's claims with prejudice. A dismissal for failure to state a claim upon which relief can be granted is an "adjudication [] on the merits under Minnesota law." *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 509 (8th Cir. 2012) (citing Minn R. Civ. P. 41.02(a), (c)). This element is satisfied.

Third, Plaintiff Jenna Kaltved was a party to the Anoka County District Court action. Plaintiff Douglas Kaltved is in privity with Jenna Kaltved because he was also a party to the mortgage and joint owner of the property. *See Hintz v. JPMorgan Chase Bank, N.A.*, No. 10-2825 (MJD/JJK) 2011 WL 579339, at *7 (D. Minn. Feb. 8, 2011) ("The First Lawsuit involved the same parties, or their privities, as the current lawsuit. Here, Mr. Hintz, one of the two Plaintiffs in this case, was the plaintiff in the state lawsuit. As a joint owner of the Property, Ms. Hintz, the second Plaintiff in this case, was in privity with Mr. Hintz. '[T]wo parties who have similar interests in the same realty are in privity.'" *aff'd* 686 F.3d 505 (8th Cir. 2012) (alternation in original) (quoting *Deli v. Hasselmo*, 542 N.W.2d 649,

7

657-58 (Minn. App. 1996)). "Although some jurisdictions require 'mutuality' of parties in cases involving previously determined litigation as a predicate to the invocation of collateral estoppel, Minnesota does not." *Aufderfar v. Data Dispatch, Inc.*, 452 N.W.2d 648, 650 (Minn.1990). Therefore, it is only required that there was privity between the Plaintiffs which is satisfied here.

Finally, Plaintiffs were given a full and fair opportunity to be heard on the issue. Plaintiffs' show-me-the-note argument was a key facet of the Anoka County District Court action and Plaintiffs cannot be heard to say that they did not have the opportunity to present their position. (Seavey Dec. Ex. 3).

Because Plaintiffs' claims against Defendant in this action hinge entirely on their contention that because their mortgage is not held by the same entity that holds their note, the mortgage on the home, and now, the foreclosure of that mortgage is invalid, and the state court rejected this argument and dismissed Plaintiff Jenna Kaltved's claims with prejudice, Plaintiffs are precluded by collateral estoppel from relitigating the issue in this Court.

## II.    PLAINTIFFS' COMPLAINT AGAINST DEFENDANT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A.    Plaintiffs' FDCPA claim against Defendant fails to state a claim upon which relief can be granted.

To prevail on a FDCPA claim, a plaintiff must prove four elements: (1) the plaintiff is a "consumer"; (2) the debt at issue arose out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant is a debt collector; and (4) through its acts or omissions, the defendant violated the FDCPA." *Tavernaro v. Pioneer*

*Credit Recovery, Inc.*, 43 F.4th 1062, 1067 (10th Cir. 2022).[3] Plaintiffs' FDCPA claim fails on the third element because Defendant is not a debt collector. In *Obduskey v. McCarthy & Holthus LLP*, the Supreme Court held that that those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the FDCPA. 586 U.S. 466 (2019). Here, Defendant only represented the mortgage servicer, ServiceMac, in the nonjudicial foreclosure proceedings. (Compl. ¶ 39). Therefore, Defendant is not a debt collector within the meaning of the FDCPA. Plaintiffs' FDCPA claim against Defendant fails and should be dismissed.

### B.      Plaintiffs' § 1983 claim against Defendant fails to state a claim upon which relief may be granted.

The elements of a Section 1983 claim are: (1) the defendant acted under color of state law, and (2) the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Kuha v. City of Minnetonka*, 365 F.3d 590 (8th Cir. 2004). "Section 1983 provides a cause of action against '[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives someone of a federal constitutional or statutory right.' As its text makes clear, this provision protects against acts attributable to a State, not those of a private person." *Lindke v. Freed*, 601 U.S. 187, 194 (2024) (quoting 42 U.S.C. § 1983). Section 1983 does not apply to private entities either, in this case, a law firm. *See Manhattan Community Access Corporation v. Halleck*, 587

---

[3] "The Eighth Circuit has not recognized specific elements to a violation of the FDCPA." *See Klein v. Stewart Zlimen & Jungers, Ltd.*, No. 18-710 (JRT/ECW) 2019 WL 79317, at *3 (D. Minn. Jan. 2, 2019).

U.S. 802 (2019). Defendant is a private law firm. Nowhere in Plaintiffs' Complaint do they allege Defendant was acting under color of law. Plaintiffs' claim fails on the first element.

Furthermore, Defendant is immune from liability to Plaintiffs. "An 'attorney acting within the scope of his employment as an attorney is immune from liability to third persons for actions arising out of that professional relationship.'" *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 871 F.Supp.2d 834, 839 (D. Minn. 2012). "Further, attorneys are generally not liable to the client's adversary, absent evidence of an affirmative misrepresentation." *Id.* (citing *L & H Airco, Inc. v. Rapistan Corp.*, 446 N.W.2d 372, 380 (Minn. 1989)). Here, Plaintiffs' claims against Defendant arise through Defendant's representation of ServiceMac in the nonjudicial foreclosure proceedings. Plaintiffs have not alleged an actionable misrepresentation made by Defendant in the foreclosure proceedings. Plaintiffs' §1983 claim against Defendant fails and should be dismissed.

**C.    Plaintiffs fail to state a § 1985 claim upon which relief may be granted.**

While Plaintiffs do not explicitly allege a civil rights conspiracy claim under 42 U.S.C. § 1985, it appears they are attempting to allege a civil rights conspiracy. In order to prove the existence of a civil rights conspiracy under § 1985(3), a plaintiff must prove: (1) that the defendants did "conspire," (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws," (3) that one or more of the conspirators did, or caused to be done, "any act in furtherance of the object of the conspiracy," and (4) that another person was "injured in his person or property or deprived of having and exercising any right or

10

privilege of a citizen of the United States." 42 U.S.C. § 1985(3). *Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996) (quoting 42 U.S.C. § 1985(3)).

"The 'purpose' element of the conspiracy requires that the plaintiff prove a class-based 'invidiously discriminatory animus.' Moreover, the plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Id*. (quoting *City of Omaha Employees Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989). Plaintiffs "can satisfy this burden by 'point[ing] to at least some facts which would suggest that appellees "reached an understanding" to violate [her] rights.'" *Id.* Plaintiffs fail to allege what constitutional right or rights they have been deprived of or that there was an understanding to violate them. Additionally, as discussed above, Defendant is immune from liability to Plaintiffs as it was acting in the scope of its employment as attorney for ServiceMac. Plaintiffs' §1985 claim against Defendant fails and should be dismissed.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs' Complaint as to Defendant Wilford, Geske & Cook P.A. should be dismissed with prejudice and on the mertis for failure to state a claim under Rule 12(c) of the Federal Rules of Civil Procedure.

Dated  April 2, 2026

By:  <u>s/Megan K. Seavey</u>
M. Gregory Simpson (#204560)
Megan K. Seavey (#0402821)
Meagher + Geer, P.L.L.P.
33 South Sixth Street, Suite 4300
Minneapolis, MN  55402
Telephone  (612) 338-0661
Email:  gsimpson@meagher.com

11

mseavey@meagher.com

**_Attorneys for Defendant Wilford, Geske & Cook, P.A._**