**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Douglas Kaltved and Jenna Kaltved,

        Plaintiffs,

                                  Case Number: 0:25-cv-04755-NEB-JFD

v.

Brad Wise, et al.,

        Defendants.

**DEFENDANT ONWARD FINANCING LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendant Onward Financing LLC ("Onward") submits this Memorandum of Law in support of its Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**<u>INTRODUCTION</u>**

This lawsuit is the second attempt at challenging the now-completed foreclosure of the subject mortgage based on legal theories that Minnesota courts, including this Court, have rejected. Following the dismissal (with prejudice) of a state court lawsuit in 2024, Plaintiffs dressed up the dismissed claims from that lawsuit, added additional defendants, and presented this lawsuit as a new cause of action. But this lawsuit is based on the same "show me the note" and debt validation claims that were previously considered and rejected by the state court on the merits. Accordingly, Plaintiffs' claims are barred by res judicata, which applies not only to the named parties in the original lawsuit but also to their privities. Because Onward is in privity with the defendant in the

1

dismissed state court lawsuit, Plaintiffs' claims against Onward should be dismissed with prejudice.

Plaintiffs' claims should also be dismissed because they lack standing to contest assignment of the subject mortgage.

## BACKGROUND

On December 28, 2021, Plaintiffs executed a note and mortgage to Onward to secure repayment of a $403,750 loan they obtained to purchase the property located at 15581 Iodine Street NW, Ramsey, Minnesota. (Doc. 1 at ¶¶ 21-24; Doc. 2, Ex. B, C.) The note includes an affixed allonge that endorses the note from Onward to Defendant AmeriHome Mortgage Company, LLC ("AmeriHome"). (Doc. 2, Ex. B.) The mortgage states that Mortgage Electronic Registration Systems, Inc. ("MERS") "is the mortgagee under this Security Instrument." (Doc. 2, Ex. C.) On October 11, 2023, MERS assigned the mortgage to AmeriHome. (Doc. 1 at ¶ 30; Doc. 2, Ex. F.)

Plaintiffs' "wet ink" Note Demand.

In September 2023, Jenna Kaltved sent AmeriHome "a debt-validation letter demanding the original wet-ink note, GAAP ledgers, and proof of consideration." (Doc. 1 at ¶ 29; Doc. 2, Ex. G.) The letter contains various references to Onward. (Doc. 2, Ex. G.) AmeriHome responded in a letter dated November 7, 2023 that identified Defendant Federal National Mortgage Association ("Fannie Mae") as the owner/investor, AmeriHome as the mortgage servicer, included an itemization of the amounts due and owning, and also provided copies of the note, mortgage, assignment, and transaction histories. (Doc. 1 at ¶ 34; Doc. 2, Ex. G.) Jenna Kaltved confirmed receipt of the

2

November 7, 2023 letter in her letter dated December 1, 2023, in which she stated it was her "understanding that a copy of a contract is not at all evidence that equal consideration was given, nor is it the original that I may need for my inspection."  (Doc. 2, Ex. E.)

The State Court Lawsuit.

On March 13, 2024, Jenna Kaltved filed a lawsuit in Anoka County District Court, *Kaltved v. AmeriHome Mortgage Company, LLC*, Case Number 02-CV-23-1270 (the "Prior Lawsuit")[1].  In the Prior Lawsuit, Jenna Kaltved alleged that she sent AmeriHome a debt validation demand in September 2023 "request[ing] comprehensive loan and account information, focusing on the origin, ownership, authenticity, and accuracy of the alleged debt."  (Ex. 1 at ¶¶ 8-10.)  She alleged that AmeriHome "failed to provide full disclosure and verification of the alleged loan," which "created uncertainty about the true nature of the transaction, including its authenticity, ownership, and the consideration provided" by AmeriHome which "also indicated an inability to establish the loan/debt's validity, rightful ownership, and holder-in-due-course status."  (Ex. 1 at ¶¶17-19.)  Her Complaint sought judgment declaring "the alleged debt is not owed unenforceable," ordering AmeriHome to "transfer the certificate of title to the property," and ordering AmeriHome to "relinquish any other rights, liens, or claims over the property."  (Ex. 1 at 7.)  A copy of her September 2023 letter was also attached to her Complaint.  (Ex. 1, Ex. 1.)

---

[1] Onward requests that the Court take judicial notice of the pleadings, orders, and other documents filed in the Prior Lawsuit because they are matters of public record.  *See Crisman v. Chicago Title Insurance Company*, No. 24-CV-3188 (JRT/LIB), 2026 WL 752194, at *2, n. 2 (D. Minn. March 17, 2026).

In response to AmeriHome's Motion to Dismiss, the state court issued an Order for Dismissal of Plaintiff's Complaint dated September 4, 2024. (Ex. 2.) In the Order, the state court specifically references Onward and notes that Jenna Kaltved's allegations were "based upon her questioning the validation of the nature of the assignment of the debt between Onward Financing and AmeriHome Mortgage." (Ex. 2 at 4.) The state court's Order cited the precedential holding of *Jackson v. Mortgage Electronic Registration Systems*, Inc., 770 N.W.2d 487 (Minn. 2009) and held that Jenna Kaltved's claims fell "under the exact 'show-me-the-note' reasoning that has been resoundingly rejected by the courts." (Ex. 2 at 5.) The court dismissed the Complaint for failure to state a claim upon which relief may be granted, and with prejudice. (Ex. 2 at 1.)

Foreclosure Sale.

The property was scheduled to be sold at a sheriff's sale on July 1, 2025. (Doc. 2, Ex. I.) In response to the notice of sale, Jenna Kaltved faxed Defendant ServiceMac, LLC ("ServiceMac") a document "asserting lack of standing to foreclose and demanding zero balance confirmation, lien release, original note, and chain of title." (Doc. 1 at ¶ 39, Ex. K.) ServiceMac responded by letter dated June 27, 2025 confirming the July 1, 2025 sale date and providing copies of the transaction history, note, mortgage, escrow statements, notice of servicing transfer, and the most recent mortgage statement. (Doc. 1 at ¶ 41; Doc. 2, Ex. N.) Plaintiffs allege that ServiceMac's response did not satisfy their "validation" request. (Doc. 1 at ¶ 41.) The sheriff's sale occurred on July 1, 2025 and the property was sold to AmeriHome for $342,100.00 subject to a six-month redemption

period.  (Doc. 1 at ¶ 42; Doc. 2, Ex. I.).  On July 24, 2025, AmeriHome assigned the sheriff's certificate of sale to Fannie Mae.  (Doc. 1 at ¶ 43; Doc. 2, Ex. J.)

Plaintiffs File this Lawsuit Seeking to Relitigate the Same Claims from the Prior Lawsuit.

Plaintiffs filed this lawsuit on December 23, 2025 asserting various claims against numerous defendants.  (Doc. 1.)  The only claim asserted against Onward is "COUNT IV – WRONGFUL FORECLOSURE – LACK OF STANDING" which is also asserted against AmeriHome, ServiceMac, Fannie Mae, MERS, and other defendants.  This claim—and all of Plaintiffs' claims—are based on the same allegations that were rejected in the Prior Lawsuit:  that "Jenna Kaltved sent a debt validation letter demanding the wet-ink note" and other documents from AmeriHome in September 2023.  (*Compare* Doc. 1 at ¶ 29 and Doc. 2, Ex. E, *with* Ex. 1 at ¶¶ 8, 10.)

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court construes the complaint in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that

offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). The Court may also consider matters of public record and exhibits attached to the pleadings, as long as those documents do not conflict with the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

"*Pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced." *Knapp v. Wings Credit Union*, No. CV-24-434 (DWF/ECW), 2024 WL 4774537, at *2 (D. Minn. Nov. 8, 2024) *aff'd,* No. 24-3359, 2025 WL 837911 (8th Cir. Mar. 18, 2025) (*citing Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). This Court "is under no obligation to repeatedly accept baseless filings." *Id*.

The affirmative defense of res judicata may be raised on a motion to dismiss. *Magee v. Hamline Univ.*, 1 F.Supp.3d 967-972 (D. Minn. 2014).

<u>**ARGUMENT**</u>

**I.    PLAINTIFFS' CLAIMS AGAINST ONWARD ARE BARRED BY RES JUDICATA.**

The doctrine of res judicata precludes parties from raising subsequent claims in a second action when: "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privities; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate

6

the matter." *Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 220 (Minn. 2007). Res judicata applies equally to claims actually litigated and to claims that could have been litigated in the earlier action. *State v. Joseph*, 636 N.W.2d 322, 327 (Minn. 2001); *see also Paulos v. Johnson*, 597 N.W.2d 316, 319 (Minn. Ct. App. 1999) ("res judicata bars the litigation of two successive suits involving claims that, regardless of their labels, arise from the same operative nucleus of facts."). The "[a]pplication of res judicata to preclude a claim is a question of law" and therefore appropriate for a motion to dismiss. *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004).

Here, each of the four prongs support the application of res judicata to bar Plaintiffs' claims against Onward.

### A. The Prior Lawsuit Involved the Same Set of Factual Circumstances as this Action.

The first prong of res judicata looks at whether "the earlier claim involved the same set of factual circumstances." *Brown-Wilbert, Inc.*, 732 N.W.2d at 220. Here, the Prior Lawsuit and this action involve the exact same "operative nucleus of facts": the same property, note, mortgage, and assignment. This prong is met.

### B. The Prior Lawsuit Involved the Same Parties or their Privities.

The second prong of res judicata looks at whether "the earlier claim involved the same parties *or their privities*." *Id*. Privity "'expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties.'" *Id*. (quoting Restatement (First) of Judgments § 83 cmt. a (1942)). In general, privity "involves a person so identified in

7

interest with another that he represents the same legal right." *McMenomy v. Ryden*, 148 N.W.2d 804, 807 (Minn. 1967) (citing 30A Am.Jur. *Judgments* § 399 (1958)).

Here, although Plaintiff Jenna Kaltved was the sole plaintiff in the Prior Lawsuit, under Minnesota law her spouse Douglas Kaltved is in privity with her for res judicata purposes because he was also a joint owner of the property (Doc. 1 at ¶ 4) and a party to the mortgage (Doc. 1 at ¶ 24). *See Deli v. Hasselmo*, 542 N.W.2d 649, 657-58 (Minn. Ct. App. 1996) (holding that married spouses who own property are in privity when one sues or is sued regarding the property); *see also Hintz v. JPMorgan Chase Bank, N.A.*, No. 1-02825 (MJD/JJK), 2011 WL 579339, at *7 (D. Minn. February 8, 2011) (applying *Deli* and concluding that although only one spouse sued in the state court lawsuit, res judicata still applied to the other spouse who joined as a plaintiff in the subsequent federal court lawsuit).

AmeriHome was the sole named defendant in the Prior Lawsuit. (Ex. 1.) But res judicata still applies as to Onward because Onward was in direct contractual privity with AmeriHome by virtue of Onward endorsing the note to AmeriHome. (Doc. 2, Ex. B.) Onward's privity with AmeriHome is further established by the mortgage, which identifies Onward as "lender" and MERS as "mortgagee," and which MERS later assigned to AmeriHome. (Doc. 2, Ex. C, F.) Onward's interest was so connected with AmeriHome that they represented the same legal right. This prong is met.

### C. The Judgment in the Prior Lawsuit was a Final Judgment on the Merits.

The third prong of the res judicata analysis requires "a final judgment on the merits." *Brown-Wilbert, Inc.*, 732 N.W.2d at 220. In the Prior Lawsuit, the state court

8

dismissed all claims with prejudice for failure to state a claim on which relief can be granted. A dismissal for failure to state a claim constitutes a final judgment on the merits for purposes of res judicata. *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 509 (8th Cir. 2012). This prong is met.

### D. **The Undisputed Facts Show that Appellants had a Full and Fair Opportunity to Litigate this Matter in the Prior Litigation.**

The fourth element of res judicata requires that "the estopped party had a full and fair opportunity to litigate the matter." *Brown-Wilbert, Inc.*, 732 N.W.2d at 220. "The question of whether a party had a full and fair opportunity to litigate a matter generally focuses on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *Anderson v. City of St. Paul*, 849 F.3d 773, 779 (8th Cir. 2017). Here, there was no obstacle preventing Plaintiffs from including Onward as a defendant in the Prior Litigation. Onward's involvement in the loan were fully known to Plaintiffs—Onward's name appears on the note and mortgage. (Doc. 2, Ex. B, C.) Plaintiffs made direct reference to Onward in their communication to AmeriHome seeking documents related to the mortgage loan (Doc. 2, Ex. G), and the state court even referenced Onward in its Order dismissing the Prior Lawsuit, noting that Jenna Kaltved's claims were "based upon her questioning the validation of the nature of the assignment of the debt between Onward Financing and AmeriHome Mortgage." (Ex. 2 at 4.) This prong is met.

Ultimately, as a matter of fundamental fairness and equity, and to avoid wasting judicial resources, Plaintiffs should be estopped from relitigating this matter against

9

Onward.  All four prongs of res judicata are met, and this Court should grant Onward's Motion to Dismiss.

**II.     PLAINTIFFS' CLAIMS AGAINST ONWARD SHOULD BE DISMISSED BECAUSE PLAINTIFFS LACK STANDING TO CHALLENGE THE ASSIGNMENT OF THE NOTE AND MORTGAGE.**

It is settled law that borrower plaintiffs do not have standing to challenge the assignment of notes and mortgages because such plaintiffs are not parties to the assignments.  *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 547 (8th Cir. 2013) (citing approvingly to various district court cases in Minnesota).  Here, the assignments at issue were between Onward and AmeriHome, and Plaintiffs were not a party to those assignments.  Plaintiffs' claims should be dismissed.

<u>CONCLUSION</u>

For the foregoing reasons, Defendant Onward Financing LLC requests that the Court dismiss Plaintiffs' Complaint with prejudice for failure to state a claim under which relief can be granted under Federal Rule of Civil Procedure Rule 12(b)(6) and grant any further relief to which Defendant is entitled.

**REDFORD LAW PA**

Dated: April 6, 2026

/s/ Shaun Redford
Shaun Redford, #390127
Redford Law PA
7201 Ohms Lane, Suite 210
Edina, MN 55439
shaun@redfordlaw.com
(952) 224-3644
*Attorney for Defendant Onward Financing LLC*

10