**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

Douglas Kaltved and Jenna Kaltved,

      Plaintiffs,

      v.                            Case Number: 0:25-cv-04755-NEB-JFD

Brad Wise, et al.,

      Defendants.

_____

**DEFENDANT MACKENZIE EICHEN'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LIMITED DISCOVERY**

_____

Defendant Mackenzie Eichen ("Defendant Eichen") submits this memorandum of law in opposition to Douglas Kaltved's and Jenna Kaltved's ("Plaintiffs") Motion for Limited Discovery.

## INTRODUCTION

On March 30, 2026, the Plaintiffs filed with the Court a Motion for "Limited Discovery". They did so according to their representations made on March 20, 2026 at a status conference with Judge Brasel. The Plaintiffs indicated that they were seeking limited discovery in order to respond to all of the Defendants' Motions to Dismiss on the legal theory of Res Judicata. In their Motion before this Court for limited discovery, the Plaintiffs indicate they are seeking "limited discovery prior to resolution of Defendants' pending motions to dismiss.

What the Plaintiffs are seeking is not "limited", actually it is overly broad, but under both Minnesota and Federal law it is inappropriate. And based on conversations Defendant Eichen has had with the Plaintiffs, the intent to act in an inappropriate way may be intentional.

The Plaintiffs have sought the following limited discovery:

- The original wet-ink promissory note and all allonges or endorsements;

- Complete payment history or ledger from origination to present;

- All documents showing the full chain of title or assignment from origination to Federal National Mortgage Association;

- Any security agreement, pledge agreement or UCC filings describing the promissory note as collateral;

- The Master Custodial Agreement (Fannie Mae Form 2017) and any Pooling and Servicing Agreement excerpts governing the loan;

- Any evidence of privity or standing between the named defendants and the parties in the 2024 state-court action.

All the Defendants indicated to Judge Brasel that they would be filing a Motion to Dismiss and would put forth some form of a Res Judicata argument as was presented at the hearing to the Judge by counsel for MERS and Fannie Mae. All of the Defendants agree that as a matter of law the Defendants are entitled to a dismissal. There is great danger in introducing limited discovery as it could create a conversion of the Defendants' Motions from Motions to Dismiss to Motions for Summary Judgment. Defendant Eichen

sees this as a limited (and straightforward) legal issue and that besides limited discovery serving no purpose, opens a door to danger that should not exist. In its 'Meet and Confer' with the Plaintiffs, Defendant Eichen informed the Plaintiffs that as an individual being litigated against, he had access to no documents to which he could share as part of this litigation. Still, Defendant Eichen is concerned about the Plaintiffs' inappropriate request and how it would impact Defendant Eichen's Motion for Dismissal.

## **STANDARD OF REVIEW**

"The Federal Rules of Civil Procedure allow courts to permit expedited discovery before the Rule 26(f) conference," but only "when authorized by . . . court order." (See *Starkey Laboratories, Inc. v. Saykeo*, 2025 WL 1862955 (2025)) The standard used for expedited discovery requests in the Eight Circuit is a 'good cause standard'. (See *Starkey Laboratories, Inc. v. Saykeo*, 2025 WL 1862955 (2025)) A good cause standard is similar to that of a preliminary injunction. (See *Meritain Health, Inc. v. Express Scripts, Inc.*, No. 4:12-CV-266-CEJ, 2012 WL 1320147, at 1 (E.D. Mo. Apr. 17, 2012)) Under the good cause standard, "the party requesting expedited discovery must show the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to the responding party." (See *Council on American-Islamic Relations—Minnesota v. Atlas Aegis, LLC*, 497 F.Supp.3d 371 (2020)

This Court has established a five part analysis to determine if the good cause standard is met: (1) the existence of a motion for preliminary injunction; (2) the breadth of the request for discovery; (3) the purpose for the request; (4) the burden of compliance; and (5) how far in advance of the usual discovery process the party made the

3

request. (See *Council on American-Islamic Relations—Minnesota v. Atlas Aegis, LLC*, 497 F.Supp.3d 371 (2020)

## **LEGAL ARGUMENT**

"Where a complaint is clearly without merit, or where a motion to dismiss otherwise seems likely to resolve the entire litigation, a stay of discovery may be appropriate." (See *Hari v. Smith*, No. 20-cv-1455 (ECT/TNL), 2022 WL 336831, at 3 (D. Minn. Feb. 4, 2022) (quoting *TE Connectivity Networks, Inc. v. All Systems Broadband, Inc.*, 2013 WL 4487505, at 2). Here in this litigation, Plaintiffs have filed this Motion for Limited Discovery to 'answer' the Defendants' Motions for dismissal of the litigation as a matter of law. What the Plaintiffs are attempting to accomplish is inappropriate (not meeting the good cause standard for this Court) and it is dangerous based on the comments and actions of the Plaintiffs.

## I.      **Plaintiffs have sought early and inappropriate Discovery**

Federal Rules of Civil Procedure 26.04(a) establishes that "parties **may not** seek discovery from any source before the parties have conferred and prepared a discovery plan as required by Rule 26.06(c) except in a proceeding exempt from initial disclosure under Rule 26.01(a)(2), or when allowed by stipulation or court order". There has not been a meeting by the Plaintiffs with the Defendants to discuss a discovery plan and there has not been a scheduling conference in this case. [1]

---

[1] Note that none of the exemptions under Federal Rules of Civil Procedure 26(f) apply in this case.

Courts in the 8th Circuit apply a "good cause standard" for motions for expedited discovery. Under the good cause standard, "the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to the responding party." (See *Oglala Sioux Tribe v. Van Hunnik*, 298 F.R.D. 453 (2014)) The Plaintiffs at the status conference with Judge Brasel on March 20, 2026 indicated that the need for discovery was to respond to Defendants Motions for Dismissal based on the legal concepts of Res Judicata. This means the Plaintiffs are arguing that they exigent evidence to defend their legal position on a Federal Rule 12(b) Motion. That is not good cause.

The Eight Circuit has created a five-part test to analysis if there is "good cause" to meet the standard for a Motion for expedited discovery. (See *Oglala Sioux Tribe v. Van Hunnik*, 298 F.R.D. 453 (2014)) The Plaintiffs do not even come close to meeting the burden needed under this test. The first part of the test is asking if the request for discovery is associated with a preliminary injunction hearing. Here, it is true that the Plaintiffs are seeking an injunction, but they have indicated that the discovery they seek is for the purposes of defending against the Defendants' Motions for Dismissal. This argues against good cause on the first test.

The second of the five-part test looks at the scope of the request made. Narrowly tailored requests are favored. Courts may grant good cause as to some requests while denying others that are overbroad. (See *MODE Global, LLC v. Kuriger*, 350 F.R.D. 271 (2025) See also *KPM Analytics North America v. Blue Sun Scientific*, LLC, 540 F.Supp.3d 145 (2021)) Here the Plaintiffs have provide very broad requests like "Any evidence of privity or

5

standing" or "Any security agreement, pledge agreement or UCC filings". If this wasn't a Motion for expedited discovery, these requests would be objected to as overly broad.

The third of the five-part test is an analysis of the purpose of the request for expedited discovery. The purpose must be legitimate, such as gathering evidence for an imminent hearing, identifying unknown defendants or preventing destruction of evidence. (See *Oglala Sioux Tribe v. Van Hunnik*, 298 F.R.D. 453 (2014)) The Plaintiffs has told this Court what the purpose of the limited discovery is, to respond to a Motion for Dismissal based only on a question of law. Later in this Memorandum Defendant Eichen will discuss why this is troubling, as the Plaintiffs appear by their actions and words attempting to convert the Defendants' Motion to Dismiss to Summary Judgment Motions. Based on what the Defendants have filed, it is inappropriate for limited discovery to be granted.

The last two parts of the five-part test is to have the Court look at cost and burden of the discovery (especially given the early nature of the request) and the timing of the discovery request. If the Plaintiffs were successful then Defendants would be forced to produce discovery in a very short window prior to the hearing on May 18, 2026. Under Federal Rules of Civil Procedure 26 a discovery request must be relevant and proportional. Given that the discovery requested is in response to a 12(b) Motion, any discovery would not be relevant. Additionally, the broad scope of what is requested is not proportional to what is needed to respond to Defendants' Motions to Dismiss. Requests for "all documents" that "relate in any way" to a case have been characterized as improper fishing expeditions that exceed the bounds of permissible discovery. (See *JMIR*

*Marquette Hotel LLC v. County of Hennepin*, 2021 WL 1288720 (2021). See Also *Vallejo v. Amgen, Inc.*, 903 F.3d 733 (2018)) Plaintiffs are not able to succeed on even ***one*** part of the five-part "good cause" test.

## II.    Plaintiffs appear to be attempting to "convert" Defendants' Motions to Summary Judgment

Federal Courts have indicated that where there are only issues of law, discovery is not appropriate. (See *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (2011) See also *City of Alexandria v. Cleco Corp.,* 735 F.Supp.2d 465 (2010)) The danger that exists with the Motion filed by the Plaintiffs is that of conversion. On April 1, 2026, Defendant Eichen met with Plaintiff Jenna Kaltved to meet and confer over this Motion and Defendant Eichen's Motion for Dismissal. Plaintiff indicated that she was basing her authority for discovery under Federal Rules of Civil Procedure 56. Federal Rules of Civil Procedure 56 covers Summary Judgment **not** a Motion for Dismissal.

Minnesota has a mandatory conversion rule if the Court considers outside materials, like the materials that Plaintiffs are seeking in their Motion. (See *Antone v. Mirviss*, 720 N.W.2d 331 (2006)) The conversion under Minnesota law changes the standard by which the Court reviews the request to dismiss. The Federal Courts have approached the question with discretion. In fact, discovery that can lead to a conversion should be used with great caution. (See *Sol v. M&T Bank*, 713 F.Supp.3d 89 (2024)).

Defendant Eichen, along with **all** of the other defendants indicated to Judge Brasel that they were seeking a Motion to Dismiss and that the grounds were primarily based on the legal

concept of Res Judica. Plaintiffs understand that, yet they are seeking discovery anyway. That

is inappropriate and fails under the "good cause" standard of this Court.

## **PRAYER**

Wherefore, Defendant Eichen requests that this Court deny Plaintiffs' Motion for

Limited Discovery.

**MEAGHER + GEER, P.L.L.P**

Dated: April 7, 2026                    By:    *s/ Brian A. Gravely*
                                               Brian A. Gravely (#0336749)
                                               33 South Sixth Street, Ste 4300
                                               Minneapolis, MN 55402
                                               Telephone (612) 347-9180
                                               Facsimile (612) 338-8384
                                               bgravely@meagher.com
                                               *Attorney for Defendant*
                                               *Mackenzie Eichen*