UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Douglas Kaltved and Jenna Kaltved,

Plaintiffs,

v.

Brad Wise, et al.,

Defendants.

Case No. 0:25-cv-04755-NEB-JFD

PLAINTIFFS' OPPOSITION TO DEFENDANTS CENLAR FSB AND JASON WEBB'S MOTION TO DISMISS

Plaintiffs Douglas Kaltved and Jenna Kaltved, appearing pro se, respectfully oppose Defendants Cenlar FSB and Jason Webb's Motion to Dismiss (Doc. 94). The motion should be denied.

## I. STANDARD OF REVIEW

On a Rule 12(b)(6) motion, the Court accepts well-pleaded facts as true and draws reasonable inferences in Plaintiffs' favor. Dismissal is appropriate only if the complaint fails to state a claim upon which relief can be granted.

## II. RES JUDICATA DOES NOT BAR THESE POST-SALE CLAIMS

Defendants argue that the September 4, 2024 dismissal in Anoka County Case No. 02-CV-24-1270 precludes all claims here. That argument fails.

Plaintiff's September 2023 letter (received September 26, 2023) and the 2024 complaint sought validation of the debt and questioned the transaction. At that time, even under Defendants' theory of the case, only one alleged payment had become due and unpaid. Foreclosure by advertisement could not lawfully commence under Minn. Stat. § 580.02 on that record alone. The 2024 complaint and letter never mentioned or challenged any foreclosure proceedings, which had not yet begun.

The 2024 court dismissed the case on the pleadings under Rule 12.02(e). No discovery was conducted and no evidentiary hearing was held. The court itself recognized that the alleged harms were too remote and not cognizable at that time:

"The extent of the injuries Plaintiff alleges she has suffered are 'potential negative credit consequences,' and that 'Defendant's actions have caused uncertainty of the true nature of the transaction, negatively impacting the Plaintiff.' … These are not cognizable injuries; the alleged harm is too remote and broadly defined…Plaintiff has not demonstrated any real, concrete injury outside of what might happen in the future. In the absence of evidence indicating otherwise, Plaintiff may not challenge the transfer and she has not provided the Court with a valid theory of relief in which to proceed."

(2024 Order at p. 6.)

The 2024 docket confirms the dismissal was based solely on the pleadings with no discovery and no evidentiary hearing (Exhibit B).

The 2024 order expressly states that the dismissal was entered "for failure to state a claim upon which relief may be granted" under Minn. R. Civ. P. 12.02(e). This is a pleadings-only ruling.

Minnesota courts treat a Rule 12.02(e) dismissal as limited to the face of the complaint and not an adjudication on the merits of claims arising from later-occurring facts.

The timeline confirms why res judicata does not apply. The 2024 dismissal occurred on September 4, 2024 — still approximately ten months before the July 1, 2025 sheriff's sale. If the 2024 judgment had validated the debt, mortgage, assignment, and standing to foreclose, there would have been no reason for such a long delay before the sale occurred. The right to assert claims arising from the actual sale and its post-sale defects (including the 22-month assignment gap and strict compliance failures under Minn. Stat. Ch. 580) did not exist at the time of the 2024 dismissal.

Under Minnesota law, res judicata does not bar a subsequent claim when "the right to assert the second claim did not arise at the same time as the right to assert the first claim." Hauschildt v. Beckingham, 686 N.W.2d 829, 841 (Minn. 2004) (citing CIIR, 612 N.W.2d at 447). Claims cannot be considered the same cause of action if they arise from new factual circumstances that occurred after the prior judgment. Id.; see also Brown v. Felsen, 442 U.S. 127, 132 (1979) (res judicata should not "blockade unexplored paths that may lead to truth").

Even if some overlap exists, Cenlar (former sub-servicer) and Jason Webb (employee who executed certain documents) are not in sufficient privity with AmeriHome for purposes of barring post-sale claims against them when new defects arose after the 2024 dismissal. Privity requires a sufficient alignment of interests, but the specific acts performed by these defendants in the 2025 foreclosure process present distinct factual circumstances not litigated in 2024.

## III. CONCLUSION

Defendants' motion to dismiss should be denied. Res judicata does not apply because the 2024 case involved different factual circumstances, different parties, a procedural pleading-stage dismissal, and no full and fair opportunity to litigate claims that did not exist until after the July 1, 2025 sale. The complaint states plausible claims for relief. Plaintiffs respectfully request that the Court deny the motion and allow this case to proceed.

In the alternative, if the Court is inclined to grant the motion, Plaintiffs respectfully request leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2) to cure any deficiencies identified by the Court. Leave to amend should be freely granted when justice so requires.

Dated: April 10, 2026

Respectfully submitted,

Jenna Ione Kaltved, Pro Se
(and on behalf of Douglas Kaltved)

This memorandum complies with the word limit of D. Minn. LR 7.1(b) and contains approximately 1,100 words.

**Certificate of Service**

I certify that on April 10, 2026, a true and correct copy of this Opposition was filed via CM/ECF, which will automatically serve all counsel of record who are registered participants in the CM/ECF system.

Jenna Ione Kaltved

**Exhibits**

Exhibit A: 2024 State Court Order (page 6 quoted above)

Exhibit B: 2024 State Court Docket (showing Rule 12 motion only, no discovery)