UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas Kaltved and Jenna Kaltved, | Court File No.  25-cv-4755 (NEB/JFD) |
| Plaintiff, | |
| v. | **DEFENDANT WILFORD, GESKE, & COOKE P.A.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LIMITED DISCOVERY** |
| Brad Wise, et al., | |
| Defendant. | |

Defendant Wilford, Geske & Cooke, P.A. ("Defendant") submits this memorandum of law in opposition to Plaintiffs Douglas and Jenna Kaltved's ("Plaintiffs") Motion for Limited Discovery.

## **INTRODUCTION**

On March 20, 2026, at the status conference with Judge Brasel, Plaintiff Jenna Kaltved requested "limited discovery on the original note." Judge Brasel stated that Plaintiffs must file a motion. On March 30, 2026, Plaintiffs filed a Motion for "Limited Discovery". The motion states "Good cause exists for this limited discovery because the requested information is essential for Plaintiffs to respond to the motions to dismiss…" Plaintiffs motion seeks the following documents:

    a.     The original wet-ink promissory note and all allonges or endorsements;

    b.     Complete payment history or ledger from origination to the present;

    c.     All documents showing the full chain of title or assignments from origination to Federal National Mortgage Association;

d.      Any security agreement, pledge agreement, or UCC filings describing the promissory note as collateral;

e.      The Master Custodial Agreement (Fannie Mae Form 2017) and any Pooling and Servicing Agreement excerpts governing the loan;

f.      Any evidence of privity or standing between the named defendants and the parties in the 2024 state-court action.[1]

Defendant opposes Plaintiffs' Motion for Limited Discovery. Defendant has brought a motion for judgment on the pleadings, not a motion for summary judgment. Therefore, no discovery is necessary for Plaintiffs to respond to Defendant's motion for judgment on the pleadings or for the Court to decide Defendant's motion.

## STANDARD OF REVIEW

"The Federal Rules of Civil Procedure allow courts to permit expedited discovery before the Rule 26(f) conference," but only "when authorized by . . . court order." *Starkey Laboratories v. Saykeo*, No. 25-cv-2737 (SRN/DJF) 2025 WL 1862955 at *1 (D. Minn. July 7, 2025). "When considering a motion for expedited discovery, courts apply a 'good cause' standard similar to that of a preliminary injunction. Courts within the Eighth Circuit generally apply the 'good cause' standard…" *Id.* "Under the good cause standard, the party seeking expedited discovery must show that the need for expediting, 'in consideration of administration of justice, outweighs prejudice to the responding party.'" *Council on American-Islamic Relations—Minnesota v. Atlas Aegis, LLC*, 497 F.Supp.3d 371, 380

---

[1] Defendant does not have documents responsive to Plaintiffs' requests.

(2020). Common factors that courts consider include: (1) the existence of a motion for preliminary injunction; (2) the breadth of the request for discovery; (3) the purpose for the request; (4) the burden of compliance; and (5) how far in advance of the usual discovery process the party made the request. *Id*.

## LEGAL ARGUMENT

"Where a complaint is clearly without merit, or where a motion to dismiss otherwise seems likely to resolve the entire litigation, a stay of discovery may be appropriate." *Hari v. Smith*, No. 20-cv-1455 (ECT/TNL), 2022 WL 336831, at *3 (D. Minn. Feb. 4, 2022) (quoting *TE Connectivity Networks, Inc. v. All Systems Broadband, Inc.*, 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013)). Here, Plaintiffs seek "limited discovery" to assist them in responding to Defendant's motion for judgment on the pleadings.

### I.      Plaintiffs have sought early and inappropriate discovery.

Federal Rules of Civil Procedure 26.04(a) establishes that "parties may not seek discovery from any source before the parties have conferred and prepared a discovery plan as required by Rule 26.06(c) except in a proceeding exempt from initial disclosure under Rule 26.01(a)(2), or when allowed by stipulation or court order". There has not been a meeting by the Plaintiffs with the Defendants in this case to discuss a discovery plan and there has not been a scheduling conference in this case. Plaintiffs seek "limited discovery" to assist them in responding to Defendant's motion for judgment on the pleadings. "Under the good cause standard, the party seeking expedited discovery must show that the need for expediting, 'in consideration of administration of justice, outweighs prejudice to the responding party.'" *Council on American-Islamic Relations—Minnesota v. Atlas Aegis,*

3

*LLC*, 497 F.Supp.3d 371, 380 (2020). Common factors that courts consider include: (1) the existence of a motion for preliminary injunction; (2) the breadth of the request for discovery; (3) the purpose for the request; (4) the burden of compliance; and (5) how far in advance of the usual discovery process the party made the request. *Id*. As to the first factor, Plaintiffs seek limited discovery to assist them in responding to Defendant's motion for judgment on the pleadings, not because there is a motion for a preliminary injunction. For the second factor, Plaintiffs' document requests are broad seeking "any security agreement, pledge agreement, or UCC filings describing the promissory note as collateral" and "any evidence of privity or standing between the named defendants and the parties in the 2024 state-court action." These requests are overly broad.

For the third factor, Plaintiffs have stated that the purpose of their request is to assist them in responding to Defendant's motion for judgment on the pleadings. Defendants have not brought a motion for summary judgment, therefore no discovery is necessary for Plaintiffs to respond to Defendant's motion for judgment on the pleadings.

As to factors 4 and 5, Defendant's motion for judgment on the pleadings is scheduled for May 18, 2025. If Plaintiffs' motion were granted, Defendant would have a short window to produce discovery. Plaintiffs do not satisfy any of the five factors for the "good cause" test.

II.   **Plaintiffs appear to be attempting to "convert" Defendant's motion for judgment on the pleadings to a motion for summary judgment.**

Courts are limited to the complaint when deciding a motion to dismiss. When a court considers matters outside the pleadings, a motion to dismiss is converted to a motion for

summary judgment. *McAuley v. Federal Ins. Co.*, 500 F.3d 784 (2007). Defendant has brought a motion for judgment on the pleadings and opposes its motion being converted into a motion for summary judgment which would be required if the court considers matters outside the pleadings, or in this case, the documents Plaintiffs seek to assist them in responding to Defendant's motion for judgment on the pleadings.

## CONCLUSION

For the foregoing reasons, Defendant Wilford, Geske & Cook, P.A. respectfully requests that Plaintiffs' motion for limited discovery be denied.

Dated  April 13, 2026

By:  *s/ Megan K. Seavey*
M. Gregory Simpson (#204560)
Megan K. Seavey (#0402821)
Meagher + Geer, P.L.L.P.
33 South Sixth Street, Suite 4300
Minneapolis, MN  55402
Telephone  (612) 338-0661
Email:   gsimpson@meagher.com
            mseavey@meagher.com

**Attorneys for Defendant Wilford, Geske & Cook, P.A.**

5