**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Douglas Kaltved and Jenna Kaltved, | Case No.: 25-cv-4755 (NEB/JFD) |
| Plaintiffs, | **DEFENDANTS AMERIHOME, SERVICEMAC, MERS, AND FANNIE MAE'S MEMORANDUM OF LAW OPPOSING PLAINTIFFS' MOTION FOR LIMITED DISCOVERY** |
| v. | |
| Brad Wise, et al., | |
| Defendants | |

---

Defendants AmeriHome Mortgage Company, LLC (**AmeriHome**), ServiceMac, LLC (**ServiceMac**), Mortgage Electronic Registration Systems, Inc. (**MERS**), and Federal National Mortgage Association (**Fannie Mae**) (collectively, **defendants**), by and through their undersigned attorneys, file this memorandum of law opposing Plaintiffs Douglas Kaltved and Jenna Kaltved's (collectively, **Kaltveds**) Motion for Limited Discovery (dkt. 104) as follows:

## I.    INTRODUCTION & SUMMARY

The Kaltveds wholly fail to articulate any facts demonstrating good cause exists for the court to grant their request for expedited discovery. Contrary to their allegations, the requested documents could not assist them in responding to defendants' argument that *res judicata* bars the Kaltveds' claims because the Court's consideration of the pending rule 12(b)(6) dismissal motions is limited to the face of the complaint. Allowing discovery, on an expedited basis, of documents that are irrelevant to the Court deciding the dismissal motions outweighs any potential benefit and needlessly increases the expense associated with litigating what is a question of law for the Court to decide.

---

## II.   PROCEDURAL HISTORY

### A.   The Kaltveds' claims and defendants' dismissal motions.

On December 23, 2025, the Kaltveds filed the instant lawsuit challenging the July 1, 2025, foreclosure sale of the property located at 15581 Iodine Street NW, Ramsey, Minnesota 55303. (Comp. ¶¶ 42-43, dkt. 1.). According to the Kaltveds, "the entire non-judicial foreclosure process and sheriff's sale are void for lack of standing because no Defendant has ever proven it is the holder of the original promissory note […] nor have they shown they loaned actual funds". (Comp. ¶ 20.)

Defendants filed Rule 12(b)(6) dismissal motions demonstrating the doctrine of *res judicata* bars the Kaltveds' claims in this lawsuit because their claims base on the same issues previously decided on the merits in a prior lawsuit—whether producing the original "wet-ink" note and demonstrating holder-in-due-course status are required to establish standing to foreclose—and also raises the same causes of action that were asserted, or could have been asserted, in the prior lawsuit. (Dkts. 20, 76, 81.) The motions to dismiss are scheduled for a hearing before the Court on May 18, 2026, at 10:00 a.m. (Dkt. 93.)

### B.   The Kaltveds' Motion for Limited Discovery.

On March 30, 2026, the Kaltveds filed a motion requesting "limited discovery" to obtain information they contend "is essential for Plaintiffs to respond to the motions to dismiss". (Motion at p. 1, dkt. 104.) They request the Court order defendants to produce by May 4, 2026, documents within the following six categories: (**1**) "[t]he original wet-ink promissory note and all allonges and endorsements;" (**2**) a "payment history or ledger from origination to present;" (**3**) "documents showing the full chain of title or assignments"; (**4**)

any "security agreement, pledge agreement, or UCC filings describing the promissory note as collateral;" (**5**) "Master Custodial Agreement […] and any Pooling and Servicing Agreement excerpts governing the loan;" and (**6**) "evidence of privity or standing between the named defendants and the parties in the 2024 state-court action." (*Id.* at p. 1-2.)

### III.    ARGUMENTS & AUTHORITIES

### A.    Expedited discovery standard.

"Generally, '[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).'" *Corporate Comm'n of the Mille Lacs Band of Ojibwe v. Money Ctrs. of Am., Inc.*, No. 12-1015 (RHK/LIB), 2012 U.S. Dist. LEXIS 191484, at *6 (D. Minn. 2012) (quoting Fed. R. Civ. P. 26(d)(1)). "District Courts within the circuit generally utilize a 'good cause' standard when considering whether expedited discovery is appropriate." *Id.* (citing *Wachovia Sec. v. Stanton*, 571 F.Supp.2d 1014, 1049 (N.D. Iowa 2008); *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008)). "However, 'expedited discovery is not the norm' and 'Plaintiff must make some prima facie showing of the need for the expedited discovery.'" *Id.* at *7 (emphasis in original) (quoting *Merrill Lynch v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000)). "Such a scenario may exist when a party demonstrates a need to further develop the record to help the court determine whether preliminary injunctive relief is warranted provided the bounds of expedited discovery are reasonable." *Let Them Play MN v. Walz*, No. 20-2505 (JRT/HB), 2020 U.S. Dist. LEXIS 239106, at *21 (D. Minn. 2020) (internal citations omitted) (citing *Midwest Sign & Screen Printing Supply Co. v. Dalpe*, 386 F.Supp.3d 1037,

1057-58 (D. Minn. 2019); *Nilfisk, Inc. v. Liss*, No. 17-1902, 2017 U.S. Dist. LEXIS 220970, at *19 (D. Minn. June 15, 2017)).

**B.    The Kaltveds cannot establish good cause exists for expedited discovery.**

Defendants' motions to dismiss challenge the legal sufficiency of the Kaltveds' claims pursuant to Rule 12(b)(6) based on their affirmative defense of *res judicata*.  "[T]he Eighth Circuit has recognized that the affirmative defense of res judicata may be raised in a motion to dismiss, if the applicability of res judicata 'is apparent on the face of the complaint.'"  *Magee v. Hamline Univ.*, 1 F.Supp.3d 967, 972 (D. Minn. 2014) (quoting *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012)).  "In reviewing such a motion, the 'face of the complaint' consists of 'public records and materials embraced by the complaint' including prior court orders and judgments."  *Magee*, 1 F.Supp.3d at 972-73 (quoting *C.H. Robinson*, 695 F.3d at 764).  "The Minnesota Supreme Court holds the application of res judicata to be a question of law."  *Thorpe v. Allianz Life Ins. Co. of N. Am.*, No. 06-545 ADM/FLN, 2011 U.S. Dist. LEXIS 50599, at *16 (D. Minn. 2011) (citing *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)).

Granting expedited discovery could not assist the Kaltveds because their response to, and the Court's consideration of, the motions to dismiss is limited to the face of the complaint.  Whether *res judicata* applies depends on whether the prior lawsuit involved the same claims and issues raised in this lawsuit.  The Kaltveds wholly fail to articulate how defendants producing the "wet-ink promissory note" (or any of the other documents the Kaltveds claim are essential to their response) could possibly affect a decision on the dismissal motions.  To the contrary, the fact that the Kaltveds seek the same documents

that made the basis of their claims in the prior lawsuit reinforces the fact that the prior lawsuit involved the same issues and claims the Kaltveds now seek to relitigate in this lawsuit.  The application of *res judicata* is a question of law for the Court to decide, and the documents the Kaltveds seek are irrelevant to that decision.

## C.      Burden and expense of discovery outweigh any benefit.

Discovery must be "proportional to the needs of the case, considering" among other factors, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(d)(1).  As demonstrated above, the Kaltveds' requested discovery is irrelevant to the resolution of defendants' pending dismissal motions.  Permitting discovery now would needlessly cause defendants to incur unnecessary expense responding to discovery requests on an expedited basis, assuming the motions to dismiss are granted.[1]  On the other hand, the Kaltveds would not be prejudiced if discovery were to proceed in the normal course should any of their claims survive dismissal.

## D.      Rule 56 is inapplicable.

The Kaltveds cite Rule 56(d) in support of their request for expedited discovery.  (Memo. in supp. at p. 1, dkt. 104-1.)  This rule applies when a nonmovant "cannot present facts essential to justify its opposition" to a motion for summary judgment.  Fed. R. Civ.

---

[1] The Kaltveds assert any burden of production in this case would be minimal because defendants "have already been required to locate and produce these same categories of documents in the bankruptcy proceeding".  (Memo. in supp. at p. 2, dkt. 104-1.)  Like the requests in this matter, the Kaltveds' discovery in the bankruptcy adversary proceeding is premature and defendants do not have any obligation to respond absent a court order authorizing expedited discovery.

P. 56(d).  As demonstrated above, the Court's consideration of defendants' dismissal motions is limited to the face of the complaint.  The Kaltveds do not need (nor would it be appropriate to raise) additional facts outside the face of the complaint in any response to the dismissal motions.

## IV.    PRAYER

Wherefore, premises considered, Defendants AmeriHome, ServiceMac, MERS, and Fannie Mae request this Court deny the Kaltveds' motion requesting limited discovery, and grant defendants any and all further relief to which they are entitled.

Respectfully submitted,

Dated:  April 13, 2026                    HINSHAW & CULBERTSON LLP


By:    *s/Annie Santos*
      M. Annie Santos, Reg. No. 0389206
      250 Nicollet Mall, Suite 1150
      Minneapolis, MN  55401
      Telephone:  612-333-3434
      Fax:  612-334-8888
      asantos@hinshawlaw.com

      ATTORNEYS FOR AMERIHOME,
      SERVICEMAC, MERS, AND FANNIE MAE