**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Douglas Kaltved and Jenna Kaltved,

        Plaintiffs,

                       Case Number: 0:25-cv-04755-NEB-JFD

v.

Brad Wise, et al.,

        Defendants.

---

**DEFENDANT ONWARD FINANCING LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LIMITED DISCOVERY**

---

Defendant Onward Financing LLC ("Onward") submits this Memorandum of Law in opposition to Plaintiffs Douglas Kaltved and Jenna Kaltved's ("Plaintiffs") Motion for Limited Discovery.

## <u>INTRODUCTION</u>

At the March 20, 2026 status conference in this case with Judge Brasel, Plaintiffs made representations that they would be filing a Motion for Limited Discovery and indicated they were seeking limited discovery in order to respond to all of Defendants' Motions to Dismiss. Plaintiffs filed their Motion for Limited Discovery on March 30, 2026, which indicates Plaintiffs are seeking "limited discovery prior to resolution of Defendants' pending motions to dismiss".

However, the discovery which Plaintiffs are seeking is not "limited", it is overly broad. Further, it is inappropriate under both Minnesota and Federal law. Plaintiffs have sought the following "limited" discovery:

1

a. The original wet-ink promissory note and all allonges or endorsements;

b. Complete payment history of ledger from origination to present;

c. All documents showing the full chain of title or assignments from origination to Federal National Mortgage Association;

d. Any security agreement, pledge agreement, or UCC filings describing the promissory note as collateral;

e. The Master Custodial Agreement (Fannie Mae Form 2017) and any Pooling and Servicing Agreements excerpts governing the loan;

f. Any evidence of privity or standing between the named defendants and the parties in the 2024 state-court action.

All of the Defendants in this case indicated to Judge Brasel at the March 20 status conference that they would be filing Motions to Dismiss and would put forth some form of res judicata argument. Onward filed its Motion to Dismiss on April 6, 2026, which argues that as a matter of law, the Court should dismiss Plaintiffs' Complaint based on the dismissal of the prior state court action. Because this is a Motion to Dismiss under Rule 12, there is no fact discovery in the pending Motion.

Plaintiffs' Motion states that "good cause exists" for the early discovery and that the discovery is "narrowly tailed and proportional to the needs of the case". But Defendant's Motion is based on the legal concept of res judicata and Plaintiffs' requested discovery is inappropriate because no amount of discovery or document production is going to create a legal standing in which Plaintiffs' can prevail in this action.

2

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 26(d)(1) states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosures under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

This Court has previously held that "[i]n considering a motion for expedited discovery, courts apply one of two standards: either a 'good cause' standard, or one similar to that of a preliminary injunction." *Council on Am.-Islamic Rels.-Minnesota v. Atlas Aegis, LLC*, 497 F. Supp. 3d 371, 380 (D. Minn. 2020). "Although the Eighth Circuit has not adopted either formulation, courts within it usually apply the 'good cause' standard." *Id.* (citations omitted). "Under the good cause standard, the party seeking expedited discovery must show that the need for expediting, 'in consideration of administration of justice, outweighs prejudice to the responding party.'" *Id*. (citations omitted). "Common factors that courts consider include: (1) the existence of a motion for preliminary injunction; (2) the breadth of the request for discovery; (3) the purpose for the request; (4) the burden of compliance; and (5) how far in advance of the usual discovery process the party made the request. *Id.*

**ARGUMENT**

**I.    PLAINTIFFS'    MOTION    FOR    LIMITED    DISCOVERY    IS INAPPRPORATE AT THIS EARLY STAGE OF THE CASE**

Federal Rule of Civil Procedure 26(d)(1) states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosures under Rule 26(a)(1)(B), or when

3

authorized by these rules, by stipulation, or by court order." The parties have not held a Rule 26(f) conference, and this action is not exempt under Rule 26(a)(1)(B). Plaintiffs' early request for discovery is inappropriate, and Plaintiffs' motion should be denied.

## II.    PLAINTIFFS LACK GOOD CAUSE TO SEEK EARLY DISCOVERY.

Here, the five "good cause" factors all favor denial of Plaintiffs' Motion. First, there is no pending motion for preliminary injunction. Second, the requests are overly broad and of no legal significance to the pending motions which seek dismissal as a matter of law. Third, Plaintiffs admit that the purpose of their seeking expedited discovery is to ostensibly aid their response to pending motions to dismiss or for judgment on the pleadings. But the pending motions are to be decided as a matter of law based on the sufficiency of the pleaded claims, and not on any documents or facts outside the pleadings. As discussed in more detail below, Defendants' various motions are not Rule 56 motions which consider factual disputes. Fourth, the burden of responding to the discovery requests completely outweighs any benefit of the discovery which is irrelevant and inapplicable to the current pending motions. Fifth, Plaintiffs brought this Motion while this case is still in its infancy and before law-based motions to dismiss have even been heard. Plaintiffs' Motion should be denied.

## III.    FEDERAL RULE OF CIVIL PROCEDURE 56(d) DOES NOT APPLY TO DEFENDANTS' PENDING MOTIONS.

Plaintiffs argue in their Motion that Federal Rule of Civil Procedure 56(d) authorizes the limited discovery they seek, but Rule 56 governs motions for summary judgment and does not apply here. The pending motions filed by various Defendants to

dismiss or for judgment on the pleadings are all based on the doctrine of res judicata, were brought under Rule 12, not Rule 56.  Plaintiffs' Motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendant Onward Financing LLC requests that the Court deny Plaintiffs' Motion for Limited Discovery.

**REDFORD LAW PA**

Dated: April 13, 2026

/s/ Shaun Redford
Shaun Redford, #390127
Redford Law PA
7201 Ohms Lane, Suite 210
Edina, MN 55439
shaun@redfordlaw.com
(952) 224-3644
*Attorney for Defendant Onward Financing LLC*