**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Douglas Kaltved and Jenna Kaltved,

      Plaintiffs,

      v.

Brad Wise, et al.,

      Defendants.

Case No.: 0:25-cv-04755-NEB-JFD

**DEFENDANTS CENLAR FSB AND JASON WEBB'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LIMITED DISCOVERY**

Defendants Cenlar FSB and Jason Webb (together "Defendants"), by and through their undersigned counsel, submit this memorandum of law in opposition to Plaintiffs Douglas and Jenna Kaltved's ("Plaintiffs") Motion for Limited Discovery (Doc. 104).

## INTRODUCTION

Plaintiffs' Motion for Limited Discovery should be denied.  Plaintiffs move pursuant to Federal Rules of Civil Procedure 26 and 56(d) for expedited discovery prior to resolution of all defendants' pending motions to dismiss, claiming the requested documents are essential to respond to those motions.  They are not.  The motions to dismiss present a purely legal question: whether res judicata bars Plaintiffs' claims on the face of the Complaint and judicially noticeable state court records.  No amount of document production can assist Plaintiffs in opposing a Rule 12(b)(6) motion confined to the pleadings.  Plaintiffs have neither identified a legitimate purpose served by expedited

discovery nor articulated any prejudice they would suffer from deferring discovery until its proper time.  Their motion should be denied.

Plaintiffs filed this case to challenge the foreclosure sale of the property located at 15581 Iodine Street NW, Ramsey, Minnesota 55303.  (*See* Doc. 1 ("Compl.").)  Specifically, Plaintiffs allege that the foreclosure process and sheriff's sale are "void for lack of standing because no Defendant has ever proven it is the holder of the original promissory note under Minn. Stat. § 336.3-301, nor have they shown they loaned actual funds to [Plaintiffs]."  (*Id.* ¶ 20.)  Defendants filed a motion to dismiss demonstrating Plaintiffs' Complaint is barred by the doctrine of res judicata because it is based on the same claims and legal theories that have already been considered and unequivocally rejected by a Minnesota state court—specifically, the same "show-me-the-note" and debt-validation arguments advanced and dismissed with prejudice in a prior state court lawsuit against AmeriHome Mortgage Company, LLC.  (Doc. 94-96, 98-99.)  The other defendants also filed motions seeking dismissal on the pleadings.  All pending motions to dismiss are scheduled to be heard on May 18, 2026.

Plaintiffs seek discovery into the following: (a) the original wet-ink promissory note and all allonges or endorsements; (b) complete payment history or ledger from origination to present; (c) all documents showing the full chain of title or assignments from origination to Federal National Mortgage Association; (d) any security agreement, pledge agreement, or UCC filings describing the promissory note as collateral; (e) the Master Custodial Agreement (Fannie Mae Form 2017) and any Pooling and Servicing Agreement excerpts governing the loan; and (f) any evidence of privity or standing

2

between the named defendants and the parties in the 2024 state-court action.  None of these documents bear on the legal determination before the Court.  Permitting discovery under these circumstances would impose unnecessary burden and expense on Defendants while serving no legitimate purpose.

For these reasons, Plaintiffs' motion should be denied.

## **LEGAL STANDARD**

Generally, parties may not seek discovery before they have conferred as required by Rule 26(f).  Fed. R. Civ. P. 26(d)(1).  While courts may permit expedited discovery before the Rule 26(f) conference, this is only "appropriate in limited circumstances and for limited rationales."  *Let Them Play MN v. Walz*, 517 F. Supp. 3d 870, 889 (D. Minn. 2021) (quoting *Midwest Sign & Screen Printing Supply Co. v. Dalpe*, 386 F. Supp. 3d 1037, 1057 (D. Minn. 2019)).  When considering a request for expedited discovery, courts apply a "good cause" standard.  *Id.*  Under this standard, the party seeking expedited discovery must establish "that the need for expedited discovery outweighs any prejudice to the responding party."  *Minnesota by & through Ellison v. Noem*, No. 26-CV-00190 (KMM/DJF), 2026 WL 432314, at *2 (D. Minn. Feb. 16, 2026).  Courts weigh several factors in determining whether a party has made such a showing, including whether a preliminary injunction is pending, the breadth of requests, the purpose of the requested discovery, and the burden of responding to the requests.  *Id.* (quoting *Let Them Play MN*, 517 F. Supp. 3d at 889).

## ARGUMENT

**I.      Plaintiffs cannot establish good cause for expedited discovery.**

**a.  The need for discovery does not outweigh the prejudice to Defendants.**

Plaintiffs argue that the purpose of the requested discovery is to respond to the pending motions for dismissal.  But this does not establish good cause.

First, the alleged purpose of the requested discovery—responding to the defendants' dismissal motions—does not support expedited discovery.  The pending motions to dismiss raise a legal challenge to the sufficiency of Plaintiffs' claims: specifically, that those claims are barred by the doctrine of res judicata.  The Eighth Circuit has confirmed that the affirmative defense of res judicata may properly be raised in a motion to dismiss where its applicability is apparent on the face of the complaint. *Magee v. Hamline Univ.*, 1 F. Supp. 3d 967, 972 (D. Minn. 2014) (quoting *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012)).  Because the Court's review is confined to the pleadings and matters of public record, expedited discovery will not assist Plaintiffs in opposing the dismissal motions.  Indeed, Plaintiffs have already responded to Defendants' motion to dismiss.  (*See* Doc. 124.)

The res judicata analysis turns on whether the prior lawsuit involved the same claims and issues raised in this lawsuit, which is a determination that requires no discovery.  In fact, the very nature of Plaintiffs' contemplated discovery requests underscores why they are irrelevant to the pending motions.  The documents that Plaintiffs now seek—the "wet-ink promissory note", chain of title records, and related

4

documents—are the same documents that formed the basis of their claims in the prior lawsuit. This reinforces that the prior lawsuit involved the same issues and claims Plaintiffs now seek to relitigate in this lawsuit. The application of res judicata is a question of law for the Court to decide, and the documents Plaintiffs seek cannot alter that legal determination. Plaintiffs' attempt to use a discovery motion to circumvent the pending motions to dismiss should not be permitted.

Even if the requested discovery were relevant (which it is not), the burden of compliance and timing weigh against allowing expedited discovery. Discovery must be "proportional to the needs of the case, considering" among other factors, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Eighth Circuit has long recognized that "[d]iscovery should follow the filing of a well-pleaded complaint[;] [i]t is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981). In other words, "[a] plaintiff must adequately plead a claim before obtaining discovery, not the other way around." *In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, 2009 WL 294353, at *2 (D. Minn. Feb. 5, 2009), *aff'd*, 623 F.3d 1200 (8th Cir. 2010). This rule is "designed to ensure that viable claims have been alleged before dragging defendants through the costly and time-consuming discovery process." *Id.*

Because the pending dismissal motions present a question of law, none of Plaintiffs' requested documents are relevant to their resolution. Requiring Defendants to respond to expedited discovery under these circumstances would impose cost and burden

with no corresponding benefit to the litigation. Should any claims survive the motions to dismiss, Plaintiffs will have every opportunity to pursue discovery through the ordinary course. There is no prejudice from deferring discovery until that time.

Further, the pending motions to dismiss are scheduled for hearing on May 18, 2026. Thus, if Plaintiffs' motion for discovery were granted, Defendants would have a short window to produce discovery. Requiring Defendants to respond to expedited discovery requests on this timetable would impose undue burden and expense, particularly given the likelihood that the pending motions to dismiss may resolve the case in its entirety.

### b. Discovery is not available under Rule 56(d) because the defendants have not filed motions for summary judgment.

Plaintiffs invoke Federal Rule of Civil Procedure 56(d), which authorizes discovery when a non-movant shows it cannot present facts essential to justify its opposition to a motion without additional discovery. This rule is inapplicable here and does not support expedited discovery.

Rule 56(d) by its terms applies only to summary judgment motions. The rule authorizes additional discovery only when a party opposing such a motion for summary judgment cannot otherwise "present facts essential to justify its opposition" to the motion. Fed. R. Civ. P. 56(d). Here, no defendant has moved for summary judgment. Rather, the Court's consideration of the defendants' dismissal motions is limited to the face of the complaint. Plaintiffs' reliance on Rule 56(d) is therefore misplaced.

Further, permitting discovery would improperly convert the defendants' motions to dismiss into summary judgment motions. *See McAuley v. Federal Ins. Co.*, 500 F.3d 784 (8th Cir. 2007). Defendants oppose any such conversion, and Plaintiffs' invocation of Rule 56(d) should be rejected.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendants Cenlar FSB and Jason Webb respectfully request that the Court deny Plaintiffs' Motion for Limited Discovery.

Dated this 13th day of April, 2026.

HUSCH BLACKWELL LLP
Attorneys for Defendants Cenlar FSB and
Jason Webb

By:   s/ Natalia S. Kruse
Natalia S. Kruse, 0504307
80 South 8th Street, Suite 4800
Minneapolis, Minnesota 55402
612.852.2700
612.852.2701 (fax)
Natalia.Kruse@huschblackwell.com

8

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this memorandum of law complies with the limits in LR 7.1(f) and with the type-size limit of LR 7.1(h).  The memorandum of law contains 1,494 words.  This word count relied on the word-count function of Microsoft Word word-processing software that was applied specifically to include all text, including headings, footnotes, and quotations.

*/s/ Natalia S. Kruse*

8