UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DOUGLAS KALTVED and JENNA KALTVED, | Case No. 25-CV-4755 (NEB/JFD) |
| Plaintiffs, | |
| v. | ORDER ON PLAINTIFFS' MOTION TO STAY, MOTION FOR RULE 54(B) JUDGMENT, AND REQUEST TO FILE A MOTION FOR RECONSIDERATION |
| BRAD WISE, individually and as Sheriff of Anoka County; LUCAS CHRISTOFFERSEN, individually (Deputy Sheriff who executed sale); RICHARD KREYER, individually and as Civil Process Supervisor, Anoka County Sheriff's Office; WILFORD, GESKE & COOK, P.A.; MACKENZIE EICHEN, individually (AmeriHome employee who signed Assignment of Mortgage as Vice President of MERS); JASON WEBB, individually (AmeriHome Vice President who executed Notice of Pendency and Power of Attorney); AMERIHOME MORTGAGE COMPANY, LLC; SERVICEMAC, LLC; CENLAR FSB (subservicer); FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS); ONWARD FINANCING, LLC; and JOHN DOE 1–10, | |
| Defendants. | |

Before the Court is the Kaltveds' second lawsuit seeking to prevent the enforcement of a mortgage against their home. Because the Kaltveds' claims are barred

by claim and issue preclusion, the Court previously denied their motions for a temporary restraining order and granted Defendants'[1] motions to dismiss and motions for judgment on the pleadings. (ECF No. 163.) Three defendants (Brad Wise, Lucas Christoffersen, and Richard Kreyer), who are employees of Anoka County, answered the complaint and remain in the lawsuit. (ECF No. 10.)

Now the Kaltveds move to stay enforcement of the Court's Order pending appeal (ECF No. 165) and move for entry of judgment under Rule 54(b) (ECF No. 174.). They also request leave to file a motion for reconsideration. (ECF No. 178.) Because the Kaltveds are unlikely to succeed on the merits, and because the remaining claims against the Anoka County Defendants arise from the same facts as the claims against the dismissed Defendants, the Court denies each of the Kaltveds' requests.

## ANALYSIS

### I.    Motion to Stay

While a court may issue a stay of an order on appeal, it is "not a matter of right." *Nken v. Holder*, 556 U.S. 418, 433 (2009). Rather, issuing a stay is "an exercise of judicial discretion" and the party seeking the stay "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34 (citation omitted). In deciding whether to exercise that discretion, courts consider: (1) whether the party requesting a stay has shown a strong likelihood of success on the merits; (2) whether that

---

[1] The Court granted the motions to dismiss filed by Defendants AmeriHome Mortgage Company, LLC; ServiceMac, LLC; Federal National Mortgage Association; Mortgage Electronic Registration Systems, Inc.; and Cenlar FSB and Jason Webb. (ECF No. 163.) It granted the motions for judgment on the pleadings filed by Mackenzie Eichen; Wilford, Geske, & Cook P.A.; and Onward Financing LLC. (*Id.*)

party will be irreparably injured absent a stay; (3) whether a stay would substantially injure other parties; and (4) the public's interest. *Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 607 (8th Cir. 2020). "The most important factor is likelihood of success on the merits . . . ." *Id.* (citation omitted).

The Kaltveds have not shown a strong likelihood of success on the merits. The Court previously concluded that the Kaltveds' claims against the dismissed Defendants are barred by claim and issue preclusion. (ECF Nos. 161, 163.) Nothing in the Kaltveds' briefing alters this conclusion. They continue to challenge the validity of the foreclosure proceedings by relying on a "show-me-the-note" legal theory that the state court already rejected. (ECF No. 166 at 5–6; ECF No. 22-2 at 6.) And even if the eviction of their home constitutes irreparable injury, the Kaltveds have not carried their burden of showing that the other factors justify a stay.[2] The Kaltveds are not entitled to a stay pending appeal.

## II.     Rule 54(b) Motion

Under Rule 54(b) of the Federal Rules of Civil Procedure, a court may direct entry a final judgment on some, but not all, of the claims in a lawsuit only if it "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Final judgments under Rule 54(b) are disfavored. *Thermal Sci., Inc. v. U.S. Nuclear Regul. Comm'n*, 184 F.3d 803, 806 n.5 (8th Cir. 1999) (per curiam).

Courts follow a two-step process when determining whether entry of judgment is proper under Rule 54(b). *Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 585 (8th Cir. 2016). The court must first conclude that the court "is dealing with a 'final judgment.'" *Curtiss-*

---

[2] The Kaltveds cite one case to support their argument that the public interest supports granting a stay: *Ruiz v. 1st Fid. Loan Servicing, LLC,* 829 N.W.2d 53 (Minn. 2013). This case does not contain any discussion of the public's interest in foreclosure proceedings.

*Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). If it is, then the court considers "whether there is any just reason for delay." *Id.* at 8. At this second step, the court examines the judicial administrative interest and equities involved, *id.*, and should only enter final judgment if an immediate appeal would alleviate the hardships or injustice caused by delay. *Downing*, 810 F.3d at 585. The relationship between the adjudicated and unadjudicated claims, as well as the risk that the appellate court will review the same issue twice, are factors the court should consider when determining if a delay would cause hardship or injustice. *Id.* at 585–86. "Where each claim requires familiarity with the same nucleus of facts and involves analysis of similar legal issues, the claims should be resolved in a single appeal," and courts should therefore deny Rule 54(b) requests. *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1119 (8th Cir. 2011), *as corrected* (Aug. 4, 2011) (citation modified).

The Kaltveds' adjudicated claims (against the dismissed Defendants) and unadjudicated claims (against the remaining Defendants) involve the same nucleus of facts and legal analysis: the Kaltveds' stance that the foreclosure is void because dismissed Defendants failed to produce the original mortgage. The dismissed claims against the remaining Defendants arise from these same facts, and "should be resolved in a single appeal." *Id.* (citation omitted). Certification under Rule 54(b) is inappropriate.

## III.    Request to File Motion for Reconsideration

Local Rule 7.1(j) prohibits the Kaltveds from filing a motion for reconsideration without leave of court. D. Minn. LR 7.1(j). To receive permission to file a motion for reconsideration, the Kaltveds must show "compelling circumstances." *Id.* "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414

(8th Cir. 1988) (citation omitted). "A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015).

The Kaltveds have not established the "compelling circumstances" required to obtain leave from this Court to file a motion for reconsideration. The Court has thoroughly reviewed the Kaltveds' letter request and the Order and concludes that the Order contains no manifest errors of law or fact. Nor have the Kaltveds offered new evidence that would alter the Court's analysis in the Order. As such, the Kaltveds' request for leave to file a motion for reconsideration (ECF No. 178) is denied.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Kaltveds' Motion to Stay (ECF No. 165) is DENIED;

2. The Kaltveds' Motion for Entry of Judgment under Rule 54(b) (ECF No. 174) is DENIED; and

3. The Kaltveds' Letter Requesting Permission to File Motion to Reconsider (ECF No. 178) is DENIED.

Dated: June 9, 2026                                    BY THE COURT:

                                                       s/Nancy E. Brasel
                                                       Nancy E. Brasel
                                                       United States District Judge